The People ex rel. Francis Markey, Appellant, *v.* The City of Brooklyn, Respondent.

The fact that a street railroad company has agreed to keep a portion of a street in a city in repair, as one of the conditions upon which it was permitted to lay its tracks, does not deprive the proper city authorities of the power or absolve them from the duty to keep such streets in a safe and proper condition, and even if the city fails to require the company to perform its contract, this is not an objection to an assessment upon owners of lots upon the streets for necessary repairs.

The provisions of the act of 1859 (§ 1, chap. 213, Laws of 1859) " in relation to assessments for local improvements in the city of Brooklyn," requiring the petition of a majority of the owners of lots upon a street to give the municipal authorities jurisdiction to repave or repair such street, was repealed by the act of 1869 reorganizing the board of water and sewerage commissioners (chap. 97, Laws of 1869), which gives the board full power to act without a petition.

(Submitted January 13, 1875; decided May term, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming proceedings and an assessment for repaving Main street, in the city of Brooklyn, which were brought up for review upon *certiorari.*

In January, 1861, the common council of the city granted to the Coney Island and Brooklyn Railroad Company the right to lay its tracks in said street, and run its cars thereon, by horse power, the company agreeing, among other things, to keep the pavement in repair between the tracks and for three feet on each side; this embraced the whole street save about fourteen inches on each side.

In 1870, the permanent board of water and sewerage commissioners of the city resolved to repave the street; the work was done and the whole expense assessed upon the owners of lots within the district of assessment. At the time fixed for hearing objections to the assessments the relators, who owned land assessed for the improvement, appeared and objected to the assessment, upon the grounds that no petition

was signed by a majority of the landowners, as required by chapter 213, Laws of 1859, and that the railroad company were bound to keep most of the street in repair. The assessment was confirmed.

*Crooke, Bergen & Clement* for the appellants. It was the duty of the railroad company to repair and defendant was bound to enforce this duty. (*City of Brooklyn* v. *Brooklyn C. R. R. Co.*, 47 N. Y., 475 ; *Ind. R. R. Co.* v. *Lawrenburg*, 34 Ind., 304.)

*William C. De Witt* for the respondent.

Reynolds, C. It is first objected that the defendant had no authority to direct the repairing of Main street at the expense of the property owners, for the reason that the Coney Island Railroad Company had agreed to keep a portion of the streets in repair, as one of the conditions upon which the company were allowed to run its cars over it. Assuming that the railroad company is bound to perform its agreement, it seems to be agreed that there is yet a small portion of the street upon either side of the railroad track which the city or the owners were bound to repair. I certainly see no reason why the railroad company is not bound to perform its contracts with the city, if required to do so, and if it refuses may be compelled to pay damages, as in the case of *The City of Brooklyn* v. *The Brooklyn City Railroad Company* (47 N. Y., 475); but it is very clear that the making of this contract did not deprive the proper authorities of the city of the power or absolve them from the duty of keeping all the streets of the city in a safe and proper state of reparation. If the railroad company neglects to do as it agreed in this respect, and the street became dangerous, and by reason thereof a traveler received injury, the city would be liable in damages as it was in the case above cited. It was for the proper authorities of the city to determine when and how, within the limits prescribed by statute, Main street should be repaired, and it is no

objection to their proceeding that a portion of the repairs ordered ought to be paid for by the railroad company. Even if the city has failed in its duty to require the company to perform its obligations to the prejudice of any of the owners of property in the street, this circumstance cannot be used for the purpose of overthrowing an assessment for repairs supposed to be necessary for public convenience and safety. The remedy of a party thus compelled to pay an assessment, a portion of which another party ought to pay, must be reached in some other and different form, but precisely in what form we are not now called upon to prescribe.

The objection that the water board of Brooklyn had no jurisdiction to act in this case, except upon the petition of a majority of the owners of lots upon the street to be repaved or otherwise repaired, as was required by chapter 213 of the Laws of 1859, is wholly untenable. The provision of this act requiring a petition of the owners of property to initiate a proceeding to repair a street was unquestionably abrogated by chapter 97 of the Laws of 1869, which provided for an entirely new system of assessments for repairs and gave the water board full power over the whole subject, without any restriction requiring any petition of the owners of lots upon which their action was to be founded, and the latter act repealed all other acts and parts of acts inconsistent with its provisions. It is thus apparent that no petition was necessary to confer jurisdiction, and I can discover no reason why the order of the Supreme Court should not be affirmed, with costs.

All concur.

Order affirmed.