JAMES TIERNEY, APPELLANT, *v.* THE CITY OF TROY, RESPONDENT.

*Liability of a city for injuries received by one passing over a bridge at a railroad crossing — the city is not relieved from liability by the duty imposed by law upon the railroad to keep the bridge in repair.*

Upon the trial of this action, brought by the plaintiff to recover damages for the loss of the services of his minor son, occasioned by injuries received by the son in falling through a bridge over the Troy Union Railroad, in the city of Troy, the plaintiff was nonsuited upon the ground that, assuming that the *locus in quo* was, at the time of the accident, a public highway within the limits of the city of Troy, yet the Union Railroad Company, and not the city, was liable for the neglect to repair the bridge.

*Held*, error; that the statutory obligation of a railroad company to restore to their former state streets which it crosses in the process of constructing its road and to keep in good repair a bridge which it is obliged to erect for that purpose, did not relieve the city from its duty to keep such bridge in a safe condition for public travel nor from liability to persons sustaining injuries by reason of its defective condition.

MOTION for a new trial upon a case and exceptions, ordered to be heard in the first instance at General Term, after a nonsuit had been ordered at the Rensselaer Circuit.

The injuries, to recover damages for which this action was brought, were alleged to have been sustained by the plaintiff's son on the 31st of August, 1882, while walking upon a bridge crossing railroad tracks in Liberty street, in the city of Troy. The motion for a nonsuit was granted by the court on the ground that it was the duty of the railroad company, and not the city, to keep the bridge in repair.

*Henry A. Merritt*, for the appellant.

*R. A. Parmenter*, for the respondent.

PARKER, J. :

The plaintiff was nonsuited in the court below, as appears by the remarks of the justice presiding, upon the ground that the Union Railroad Company, and not the city of Troy, was liable for the neglect to repair the bridge through which the plaintiff's little son fell. That the liability to keep a bridge forming part of a highway over a railroad track in repair is, by statute, enjoined upon the railroad company, and for any damages sustained by reason of their failure so to do the company must respond, and not the defendant.

In the consideration of that proposition here, it must be assumed, as it was by the court below, that the *locus in quo* was, at the time of the accident, a public highway within the limits of the city of Troy ; that prior thereto the Union Railroad Company constructed its road across said highway, below grade, and by reason thereof was compelled to, and did, build a bridge over its road, which bridge formed a part of the highway or street. The court was undoubtedly right in holding that the railroad company was, by statute, required to keep the bridge in repair, and, therefore, became primarily liable to respond to the plaintiff, but we think the court erred in holding that by reason thereof the defendant was

absolved from liability. Municipal corporations, such as the defendant, are required to keep the streets within their corporate limits in a safe condition for public travel, and the duty to make necessary repairs is imperative and ministerial. (*Hyatt* v. *Rondout*, 44 Barb., 385 ; *Clark* v. *City of Lockport*, 49 Barb., 580.)

If this bridge then formed a portion of one of defendant's public streets or highways, it was bound to keep it in repair unless the statutory liability of the Troy Union Railroad Company to "maintain such bridge and keep it in good repair," relieves the defendant from all liability to the public as to so much of the street as the bridge constituted.

It is well settled that the statutory obligations of a railroad company to restore streets, which it crosses in the process of construction, to their former state, and to keep in good repair a bridge which it may be obliged to erect for that purpose, does not relieve the municipality from the obligation to keep such bridge in a safe condition for public travel, nor from liability to the person sustaining injuries by reason of its defective condition. (*Wilson* v. *City of Watertown*, 3 Hun, 508; *People ex rel. Markey* v. *City of Brooklyn*, 65 N. Y., 349.)

There is no hardship in that rule, because the city had ample authority to compel the railroad company to make needed repairs (*People ex rel. Schaghticoke* v. *The Troy and Boston R. R. Co.*, 37 How., 427); and in *Wilson* v. *City of Watertown* (cited, *supra*), the court, at page 513 of opinion, say: "But if the injury of which the plaintiff complained was caused by their (*i. e.*, the railroad company's) neglect of duty, they are primarily liable, and in case of a recovery against the defendants, they will have a right of action against the railroad company."

Assuming that the place where the injury occurred was a public street of the city of Troy, the nonsuit was clearly error, and upon the question as to whether or not it was a public street, the evidence entitled the plaintiff to go to the jury as requested by him.

The order granting a nonsuit must be reversed and a new trial granted, costs to abide event.

BOCKES, P. J., and LANDON, J., concurred.

Judgment reversed, new trial granted, costs to abide event.