The Chicago, Burlington and Quincy Railroad Company

*v.*

The City of Quincy.

*Filed at Springfield November 2, 1891.*

1.  STREETS—*grant of use to railway company—rights of the public.* Where a city grants to a railway company, not a street or any part of a street, but only the right to lay and use tracks in a street, the rights of the public in such street will be paramount to those of a railway company for all other purposes than that of transit; and such right of transit does not imply that it shall be enjoyed in the unlimited discretion of the company, but only that it shall be enjoyed with reference to the co-existing rights of others in the street, and in subordination to the public welfare.

2.  A clause in such grant excepting the sidewalk of the street, which is not to be used by the company for tracks or otherwise, and requiring the company to so grade the streets in which the privileges are granted, and to so lay its tracks thereon, that carriages, wagons, drays and vehicles of all kinds may conveniently cross the same, is conclusive evidence that a conveyance or grant of the fee in the street was not intended, but simply of a right or privilege for the use of that part of the street occupied by the railway company for tracks, etc.

3.  A grant of a city, under legislative authority, to a railway company, of "the right and privilege of using that portion" of a street described, "for the use and construction thereon of as many railroad tracks, side-tracks, switches and frogs as may be necessary," etc., is not a grant of the street in fee or otherwise, but simply of the right to thus use the street, leaving in the grantor the title of the street, and the right of every other use which may be enjoyed consistently with the right granted.

4.  SAME—*use granted to railway company—right and duty of city to improve.* The grant by a city to a railway company of the right to lay and use its tracks, etc., in a public street, can not deprive the city of its right to improve the parts of the street so used by the company, as well as of other parts, and its judgment of the necessity and character of the improvement, in the absence of evidence of bad faith, must be conclusive. Grants of the use of public streets are subject, by implication, to the exercise of such power by the city.

5.  The fact that a railway company, to whom the right is granted to lay and use railroad tracks in a street, has agreed to so grade the street and lay its tracks that carriages, wagons, etc., may conveniently cross the same, does not deprive the city of the power, nor absolve it from

the duty, to keep the street in a safe and proper condition, and can not be urged by the company as an objection to a special assessment to improve such street.

6. Special privileges—*in use of public streets—construed strictly.* A grant of special privileges in the use of public streets to a railway company is to be construed strictly against the grantee and liberally in favor of the public; and nothing, therefore, can be implied in favor of the grantee beyond the express letter of the grant, unless it shall be indispensable to give effect to the grant.

7. Ordinance—*for improvement of street.* An ordinance of a city for the improvement of a public street can not be condemned because of the difficulties, inconveniences or loss that may possibly result from its enforcement. If the improvement be lawfully made, and with due care and due regard to the rights of others in such street, there can be no remedy for them.

Appeal from the County Court of Adams county; the Hon. B. F. Berrian, Judge, presiding.

Mr. J. F. Carrott, and Mr. O. F. Price, for the appellant:

The ordinance was not authorized by law, and is therefore invalid and void. It violates the rights and privileges granted by the city to the Northern Cross Railroad Company, and the appellant, as its successor.

The effect of the proposed action of the city in paving Front street is to inflict irreparable wrong on appellant. The effect of such action is to take away the rights and privileges previously granted by the city.

The easement of appellant in the street is a property right, which is entitled to the same protection as other property, and can not be taken or damaged for public use without just compensation. *Railway Co.* v. *Jefferson*, 14 Bradw. 621; *Chicago* v. *Sheldon*, 9 Wall. 50; *Chicago* v. *Baer*, 41 Ill. 312; *Eaton* v. *Railroad Co.* 51 N. H. 504; 1 Woods on Railroad Law, 2.

Mr. W. G. Feigenspan, City Attorney, and Mr. Joseph Sibley, for the appellee:

The ordinance is not invalid. It contains all that is required by the statute. Private Laws of 1857, p. 164; *White*

v. *People*, 94 Ill. 604; *Enos* v. *Springfield*, 113 id. 65; *Galesburg* v. *Searles*, 114 id. 217; *Watson* v. *Chicago*, 115 id. 78; *Kankakee* v. *Potter*, id. 119; *Springfield* v. *Green*, 120 id. 269; *Wilbur* v. *Springfield*, 129 id. 395; *Springfield* v. *Mathus*, 124 id. 88; *County of Adams* v. *Quincy*, 130 id. 566.

Notwithstanding the grant to lay tracks in the street, the city has this as well as all other streets under its control. 2 Redfield on Railways, p. 373, sec. 7; Dillon on Mun. Corp. sec. 536; *Railroad Co.* v. *Wakefield*, 103 Mass. 261; *State* v. *Railroad Co.* 1 Dutch. 437; *State* v. *Railroad Co.* 27 Vt. 103; *Commonwealth* v. *Railway Co.* 2 Gray, 54; 4 id. 22; *Ottawa* v. *Walker*, 21 Ill. 605; *Murphy* v. *Chicago*, 29 id. 279; *McCartney* v. *Railroad Co.* 112 id. 611; *Murphy* v. *Peoria*, 119 id. 510; *Joliet* v. *Conway*, id. 490; *Chicago* v. *Keefe*, 114 id. 222.

If the city had undertaken to deed away the exclusive right to the street, its power to do so is denied. Cooley on Const. Law, 681, 682; *Lamley* v. *Railroad Co.* 26 Conn. 249; *State* v. *Leverick*, 34 N. J. 201; *Presbyterian Society* v. *Railroad Co.* 3 Hill, 567; *Hays* v. *Thomas*, 7 Port. 38; *Gas Light Co.* v. *Gas Light Co.* 25 Conn. 19; *Springfield* v. *Railroad Co.* 4 Cush. 63; *Railroad Co.* v. *Stuman*, 44 Ga. 546; *Williams* v. *Railroad Co.* 16 N. Y. 97; *Ford* v. *Railroad Co.* 14 Wis. 663; *State* v. *Mayor*, 5 Port. 279; *Comford* v. *Delaware*, 7 Ohio St. 457; *Mifflin* v. *Railway Co.* 16 Pa. St. 182; *Jacksonville* v. *Railroad Co.* 67 Ill. 540; *Lock Co.* v. *Garrity*, 115 id. 155; Dillon on Mun. Corp. (1st ed.) sec. 796.

The city would be liable for any damages growing out of neglect to keep its streets in good repair where there might be a railroad track, even within the track itself. *Watson* v. *Tripp*, 11 R. I. 98; *Wellard* v. *Newbury*, 2 Vt. 558; *Venal* v. *Dorchester*, 7 Gray, 421; *Curren* v. *Lowell*, 16 Pick. 170; *Proprietors of Lock* v. *Railway Co.* 109 Mass. 22; *Browning* v. *Springfield*, 17 Ill. 143; *Joliet* v. *Verley*, 35 id. 58; *Bloomington* v. *Bay*, 42 id. 503; *Springfield* v. *LeClaire*, 49 id. 476; *Chicago* v. *Johnson*, 53 id. 91; *Mechanicsburg* v. *Meredith*, 54

id. 84; *Peru* v. *French,* 55 id. 317; *Aurora* v. *Pulfer,* 56 id.. 270; *Centralia* v. *Scott,* 59 id. 129; *Sterling* v. *Thomas,* 60 id. 264; *Galesburg* v. *Higley,* 61 id. 287; *Chicago* v. *Langlass,* 66 id. 361; *Pekin* v. *Winkel,* 77 id. 56; *Marseilles* v. *Howland,* 124 id. 517; *Chicago* v. *Dalle,* 115 id. 388; *Chicago* v. *Keefe,* 114 id. 222; *Mayor* v. *Corley,* 55 Ga. 17.

Mr. Justice Scholfield delivered the opinion of the Court:

It is enacted by section 29 of "An act amendatory of and supplemental to an act entitled 'An act to incorporate the city of Quincy,'" (Private Laws of 1855, p. 68,) "that the city of Quincy and the Northern Cross Railroad Company are hereby authorized and empowered, on such terms and for such considerations as the said parties may agree upon, to make and conclude any contracts and agreements for the establishing, opening or abolishing any part of any streets, avenues or alleys within the jurisdiction of said city, adjoining or dividing any property which is or may be owned and used by the said company for the purpose of their business at Quincy, and to lease or convey the same to the said company in fee, or to otherwise secure to said company the occupation and enjoyment thereof, exclusive or otherwise, in such manner and for such use and purpose as may be agreed upon." The second section of the same act confers power upon the city, among other things, to "grade, pave, improve and keep in repair streets;" and this power is renewed by section 13, article 4, of the act to reduce the law incorporating the city of Quincy, and the several acts amendatory thereof, into one act, and to amend the same, approved January 30, 1857. Private Laws of 1857, p. 164.

The city adopted an ordinance on the 6th of December, 1889, for the improving of Front street, from the north line of Broadway street to the north line of Spring street, and for the levying of a special tax therefor. The Chicago, Burlington

and Quincy Railroad Company, whose property is specially taxed for this improvement, appeared in the court below and interposed objections to the validity of the ordinance, which were overruled by the court, and thereupon it brings the case to this court by appeal, to determine the correctness of those rulings.

The power of the city to make improvements by special taxation is not contested, it being conceded that the city has adopted article 9 of the general law in relation to cities, villages and towns, (Rev. Stat. 1874, p. 234,) which confers ample power in that respect. Appellant is successor to the Northern Cross Railroad Company, and has all rights in the street in question that were conferred by the city upon that company. *City of Quincy* v. *Chicago, Burlington and Quincy Railroad Co.* 92 Ill. 21.

The first question to be considered is, whether the right of appellant in this street includes the title, in fee or otherwise, of the entire street, within the curb-stones, or whether it is only of the use of that part actually occupied by appellant. This depends upon the language of the deed from the city to the Northern Cross Railroad Company, under which appellant claims. That deed was executed on the 25th of July, 1855, and it conveys to the Northern Cross Railroad Company, in addition to the rights here in question, certain real estate and rights in streets, with which the present case is not concerned. Its third clause is that, alone, under which appellant here claims. It reads as follows: "And for the same consideration the said party of the second part also grants to the said parties of the first part the right and privilege of using that portion of Front street which extends from that part of it hereinbefore conveyed south to said Broadway street, for the use and construction thereon of as many railroad tracks, sidetracks, switches and frogs as may be necessary for the convenience of said company in the transaction of their business, with the exception that the sidewalks of each side of Front

street, between Broadway and Spring streets, are not to be used for tracks or otherwise by said company."

It will be observed that the word "exclusive" is not here employed. "The right and privilege of using that portion" of the street described "for the use and construction thereon of as many railroad tracks, side-tracks, switches and frogs as may be necessary," etc., is not a grant of the street, in fee or otherwise, but simply of the right to thus use the street, leaving in the grantor the title of the street and the right of every other use which may be enjoyed consistently with the right granted; and that this was intended by the city and the railroad company, at the time, is put beyond question by a preceding clause in the deed, clearly applying, by the comprehensiveness of its terms, to this as to the other clauses of the deed, which reads thus: "And those portions of Broadway and Spring streets, and all other streets in said city not herein conveyed, in which any rights and privileges are herein granted to the said parties of the first part, shall be by them so graded and the railroad tracks so laid that carriages, wagons, drays and vehicles of all kinds may conveniently cross the same."

Power was assumed to be given the city, by the section of the statute quoted *supra*, (but whether within constitutional authority we need not now inquire,) to abolish this part of the street for the use of the railroad; and if it had been intended by this deed to do that, the language employed would have so indicated. But the street was not abolished. It was treated as remaining a street of the city, and the continued rights of the public therein were recognized. It follows that, in our opinion, the rights of appellant in the street are only of the use of that part actually occupied by it.

The next question to be considered is, whether appellant's right, by virtue of this grant, forbids repairs and improvement by the city of the parts of the street used by appellant. The grant being, not that of a street nor of a part of a street, but

only the right to lay and use tracks in the street, the right of the public in the street is paramount to that of the railroad company for all other purposes than that of transit. (2 Redfield on Railways, 375, sec. 7, and authorities cited in note.) And the right of transit in the street does not imply that it shall be enjoyed in the unlimited discretion of the railroad company, but only that it shall be enjoyed with reference to co-existing rights of others in the street, and in subordination to the public welfare. See Dillon on Mun. Corp. (4th ed.) sec. 713, *et seq.*, and notes; Elliott on Roads and Streets, 334, 335.

It is within common observation that railway tracks in a street of a city often require, as a matter of public safety, different and more expensive work than they do in a rural region, and that what is sufficient in that respect at one time under the then conditions, may not be sufficient at a future time under different conditions. And it is also matter of common observation, that, often, to improve one part of a street, so as to make it conform to the requirement of the public necessity, it is indispensable that the street be improved in its entire width, for otherwise there will be want of necessary correspondence and uniformity. The duty of the city, under its power to repair and improve streets, is to fit them for every use contemplated, in such way as to best promote the general public welfare. (*Chicago, Burlington and Quincy Railroad Co.* v. *The People*, 136 Ill. 660.) The city must therefore have the right to improve the parts of the street used by appellant, as well as the other parts,—and its judgment of the necessity and character of the improvement, in the absence of evidence of bad faith, must be conclusive. *Chicago, Burlington and Quincy Railroad Co.* v. *The People, supra;* Dillon on Mun. Corp. (4th ed.) secs. 686, 991, note.

It can not be said that the right of the railroad company granted by the deed of the city is impaired by this improvement, for the reason that the grant is subject, by implication,

to the exercise of this power by the city, for such grants are construed strictly as against the railroad company and liberally in favor of the public, and nothing can therefore be implied in favor of the grantee, beyond the express letter of the grant, unless it shall be indispensable to give effect to the grant, (*Chicago, Danville and Vincennes Railroad Co.* v. *Chicago,* 121 Ill. 176; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Belleville,* 122 id. 376,) and it is not indispensable to give effect to this grant that the city shall have no right to improve the parts of the streets on which appellant's tracks are laid. The fact that the railroad company agreed to so grade the streets and so lay the railroad tracks that carriages, wagons, etc., may conveniently cross the same, does not deprive the city of the power, nor absolve it from the duty, to keep the street in a safe and proper condition, and can not be urged by appellant as an objection to this assessment. *The People ex rel.* v. *City of Brooklyn,* 65 N. Y. 349; *Louisville City Railway Co.* v. *City of Louisville,* 8 Bush, 415.

It is also objected that this ordinance can not be enforced without manifest and great injury to appellant's rights. Where it is admissible that an improvement provided by an ordinance may be made in a manner to do great injury to private rights, or it may be made in such way as to do them practically little or no injury, we are not to assume, for the purpose of condemning the ordinance, that the former manner will be pursued. The question of anticipated injury in enforcing this ordinance is mainly one of fact, and the evidence in the negative is quite as strong as that in the affirmative. Some inconvenience and delay to business is inevitable in improvements of this character, but if the improvement be lawfully made, and with due care, and due regard to the rights of the railroad company, there can be no remedy for them. They are a part of the burdens subject to which appellant's privilege is granted. (See *Chicago, Burlington and Quincy Railroad Co.* v. *The People, supra.*) The ordinance can not be condemned because of the

difficulties, inconvenience or loss that may possibly result from its enforcement.

On the whole, we think the judgment of the county court should be affirmed, and it is accordingly so adjudged.

*Judgment affirmed.*

Mr. JUSTICE SHOPE, dissenting.