ATMAR et al. v. MAGEE et al.

No. 12636.

Court of Civil Appeals of Texas.

Galveston.

Jan. 21, 1954.

Rehearing Denied Feb. 11, 1954.

Joe J. Newman, Groveton, for appellants.

Collins, Garrison, Renfrow & Zeleskey, Henry H. Rogers, James R. Cornelius, Jr., Lufkin, for appellees Mrs. Jennie Magee and Mrs. Edna Avery, legal representatives of the estate of Leon Womack, deceased.

John S. Redditt and Thomas J. Moroney, Jr., Lufkin, for appellee Perry Bros., Inc.

Wiley B. Thomas, Jr., Groveton, for appellee City of Groveton.

CODY, Justice.

This was a suit for a mandatory injunction to require the removal of so much of the Womack Building as encroaches upon Chandler Street in the City of Groveton. We have appended to this opinion a sketch prepared by our Clerk's office, which shows the extension or encroachment of the Womack Building into Chandler Street. The sketch also shows the relative location of the property of plaintiff Mattie Wherry and that of plaintiff Mary L. Harry and that of plaintiff Morris Atmar. As is further shown by the sketch, the property of plaintiff Atmar and the Womack Building are located in the same block; and the property of Mattie Wherry and Mary L. Harry are located in the same block separated from the other block by Chandler Street.

The plaintiffs in this suit, as noted, are owners of nearby lots and have already been named. The defendants consist of the personal representatives of Leon Womack, deceased, and the Perry Brothers, a corporation to which said aforesaid representatives have leased the Womack Building, and further consist of the City of Groveton.

A trial without a jury resulted in a judgment that plaintiffs take nothing and pay all court costs. In response to plaintiffs' request, the court filed conclusions of fact and law which are unobjected to and unexcepted to and which so far as we deem material are to the following effect:

(A) Plaintiffs are the owners of all of the property abutting on Chandler Street in the block between First Street and Front Street, except the property belonging to the estate of Leon Womack, deceased.

(B) Chandler Street is 60 feet wide.

(C) The Womack Building encroaches in Chandler Street a distance of 26.5 feet and leaves an unobstructed 33.5 feet for use as a public highway between Lot 11, Block 14 (which belongs to Mattie Wherry, one of the plaintiffs) and Lot 1, Block 15 (which belongs to the estate of Leon Womack).

(D) The Womack Building was erected in 1927, and plaintiffs and their prede-

EXHIBIT

COURT YARD FRONT

W O M A C K  BLDG.

25½' 25½'  C  2

25½'  O  1

26.5'  Extension of Womack
Bldg into Chandler St.

45'

60'

53.75'  Morris Atmar

25'  Mattie Wherry  11

10

55'  MARY L. HARRY  12

cessors made no objection to its erection or encroachment until this suit was filed in 1950.

(E) Plaintiffs have suffered no special injury as a result of the existence of the Womack Building in its present location.

(F) "The present open and unobstructed portion of Chandler Street between First Street and Front Street is adequate for the safe and convenient passage of vehicular and pedestrian traffic."

(G) "It would cost defendants about $15,000.00 to remove the portion of the Womack Building complained of and restore the remainder of the building to useable condition thereafter."

(H) "The present value of the Womack Building is $15,000.00."

The court's conclusions of law, so far as deemed material, are (1) That by their long delay in bringing suit, plaintiffs have been guilty of laches and so are not entitled to the relief sought, (2) That since this suit is not brought by the City but by private citizens who have shown no special injury not common to the public generally, plaintiffs are not entitled to the mandatory injunction sought, and (3) That it would be inequitable to grant plaintiffs the relief they seek because of the serious injury which would be caused thereby to defendants and the small value of such relief to plaintiffs.

Plaintiffs predicate their appeal upon 5 formal points which we have consolidated into the following: (1) That the plaintiffs have not been guilty of laches through their long delay in bringing this suit, (2) That the court erred in his legal conclusion to the effect that since this suit was not brought by the City but by private citizens who have shown no special injury not common to the public generally the plaintiffs are not entitled to the mandatory injunction, and (3) That the court erred in finding as a matter of law that it would be inequitable to grant the relief sought by plaintiffs because of the serious injury such relief would cause defendants while at the same time being of little value to plaintiffs. We overrule plaintiffs' points.

■ It may be noted that the defendants did not plead the four-year statute of limitations. Indeed, insofar as plaintiffs may have been authorized, as members of the public, to vindicate the right of the public to have encroachments upon a public easement, or to have a public nuisance upon such easement removed, such right would not be subject to the bar of statutes of limitations. Eidelbach v. Davis, Tex.Civ.App., 99 S.W.2d 1067, 1073. Whether plaintiffs' right to vindicate their alleged private interests in securing the removal of the encroachment upon the street is not in the case. But see Eidelbach v. Davis, supra.

It should also be noted that in early May, 1927, the governing body of the City of Groveton enacted an ordinance or resolution to lease for a period of fifty years to Leon Womack, his heirs and assigns, the portion of Chandler Street upon which the Womack Building was to be erected, and providing that the grantee should keep the building in good condition and repair, and at the end of said period the City of Groveton should have the building, or so much as encroaches on the street. And a formal lease was thereafter executed carrying into effect aforesaid contract of lease. It was expressly provided in aforesaid resolution that so much of the street as was occupied by the building was not needed for traffic or other use by the City, and was declared closed. It is not disputed that Leon Womack duly performed his part of the purported contract.

Whether the purported contract of lease was ultra vires upon the part of the City, and void when entered into, need not be decided in this case, but see Bowers v. City of Taylor, Tex.Com.App., 16 S.W.2d 520. However, as noted above, the court found upon sufficient support in the evidence that the portion of the street which it ordered closed and leased was not necessary for public use, and in effect found that the use thereof by Leon Womack would not interfere with the public use, nor cre-

ate any hazardous or dangerous conditions thereon. Art. 1085b Vernon's Ann.Tex. Civ.St., which was enacted in 1947, would have authorized the City of Groveton to make the lease in 1927, had it then been in effect. Said enactment does not purport to be retroactive, though it doubtless undertakes to operate as a change of the public policy and law which was enforced by Bowers v. City of Taylor, supra. See also Burrow v. Davis, Tex.Civ.App., 226 S.W.2d 199.

The question is not before us whether the City of Groveton was entitled, had it seen fit to seek the removal of the encroachment, to prevail. Here the City is actively resisting the plaintiffs in their attempt to have the encroachment removed. The plaintiffs and their predecessors in interest stood by and allowed the building to be erected at the cost of $15,000, which would be wholly lost if plaintiffs prevail without any appreciable advantage to plaintiffs. Not only so, but in the meantime the defendant Perry Brothers has acquired a leasehold interest in the property. Having knowingly acquiesced in the erection of the encroachment at a large cost, and permitting it to stand unchallenged for a long time, the court properly held that plaintiffs are now estopped to seek the removal of the encroachment. Sigel v. Buccaneer Hotel Co., Tex.Civ.App., 40 S.W.2d 168, writ refused.

The court here found upon the undisputed evidence that the existence of the encroachment did not affect the value of plaintiffs' property adversely, and further found from the undisputed evidence that plaintiffs have suffered no special injury from the encroachment from that of the general public. Plaintiffs therefore have no right to have the mandatory injunction. Burrow v. Davis, supra, at page 205 of 226 S.W.2d.

Without further extending the length of this opinion, the judgment of the trial court is ordered affirmed.

Affirmed.