ADRIAN MOBILE HOME PARK v CITY OF ADRIAN

Docket No. 78-3799. Submitted October 10, 1979, at Lansing.—Decided December 6, 1979.

Adrian Mobile Home Park, doing business as Sterling Mobile Home Community, brought an action against the City of Adrian and the city Building Division, and H. W. Bond, the chief building inspector, seeking to have a section of the park's special use permit declared void and to enjoin enforcement of that section. The special use permit had been issued by the city to the plaintiff's predecessor in interest. The section in question prohibited occupancy in the mobile home park by anyone under the age of 50. The Lenawee Circuit Court, Kenneth B. Glaser, Jr., J., found that the section was unconstitutional in so far as it excluded residency by one under age 50 whose spouse was age 50 or more. The trial court held that the section should be construed so as to allow residency by married couples where only one of the spouses is age 50 or more. Plaintiff appeals. *Held:*

The section as written is clear and unambiguous in its exclusion of all persons under age 50, and is therefore not subject to judicial construction or interpretation. The trial court was correct in holding the section to be unconstitutional as applied to married couples where one spouse is age 50 or more and the other is not, but the trial court erred by interpreting the section. The proper remedy is severance of the offending provision where severance can be accomplished without negating the remaining provisions of the use permit.

Reversed and remanded for entry of a declaratory judgment that the section is void and for issuance of an injunction against its enforcement.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 212.
56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions §§ 381, 382.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions § 398.
[3] 16 Am Jur 2d, Constitutional Law §§ 219, 260 *et seq.*
56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions § 400.

1. MUNICIPAL CORPORATIONS — ORDINANCES — PRESUMPTION OF CON-
   STITUTIONALITY.

   An ordinance is presumed to be constitutional and a party
   attacking the constitutionality of an ordinance has the burden
   of proving that it bears no substantial relationship to the public
   welfare.

2. MUNICIPAL CORPORATIONS — ORDINANCES — CONSTRUCTION OF
   ORDINANCES.

   An ordinance must be effectuated as written when it is clear and
   unambiguous; it is subject to judicial construction or interpreta-
   tion only when it is unclear and susceptible to differing inter-
   pretations.

3. MUNICIPAL CORPORATIONS — ORDINANCES — CONSTRUCTION OF
   ORDINANCES — SEVERANCE.

   An ordinance must be construed in such a way as to render it
   valid, not invalid, whenever it is possible to do so, and where a
   court strikes down parts of an ordinance it must declare the
   entire ordinance to be of no effect unless the invalid sections
   can be severed and still leave the remainder of the ordinance
   complete and operative, in which case severance is required.

*McLellan, Schlaybaugh & Whitbeck* (by *Rex E. Schlaybaugh, Jr.,* and *Stephen D. Winter*), for plaintiff.

*Baker, Durst, Marr & Nelson,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and P. J. GLENNIE,* JJ.

D. E. HOLBROOK, JR., J. Defendant City of Adrian issued to plaintiff's predecessor in interest a special use permit to authorize construction and operation of a mobile home park. Plaintiff initiated suit seeking a declaration that § 27 of the special use permit was void and an injunction permanently to restrain enforcement of said section. The lower court denied the requested relief, but did

---

* Circuit judge, sitting on the Court of Appeals by assignment.

modify the section, and plaintiff appeals as of right.

Initially, we note that this matter deals not with a zoning ordinance, but rather with a special use permit issued in accordance with the ordinance. Despite any technical similarities between the two, we apply principles of statutory construction to the special use permit as if it were strictly an ordinance. Section 27 states:

"No person under the age of 50 years shall be permitted to occupy any mobile home in this park as a resident. No children shall be permitted in the park except on visitation for a period of no more than one month in any calendar year."

Generally speaking a presumption of constitutionality favors the validity of an ordinance. Plaintiff has the burden of proving that the use permit bears no substantial relationship to the public welfare. If such relationship is debatable then the legislative judgment must be accepted. *Grocers Dairy Co v Dep't of Agriculture Director,* 377 Mich 71; 138 NW2d 767 (1966). Furthermore, an ordinance must be effectuated as written when it is clear and unambiguous. It is subject to judicial construction or interpretation only when it is unclear and susceptible of different meanings. If the court finds an ordinance or portions thereof to be unconstitutional it has the power to strike it down or sever the invalid portions. It does not have the power to redraft a statute; that is the province of the Legislature.

Plaintiff contends: that § 27 is an arbitrary, unreasonable and capricious exercise of the zoning power; that in attempting to regulate which family members may live together, it constitutes a substantial intrusion into fundamental rights of indi-

viduals to privacy, marriage and procreation; that the impact of this invasion is not outweighed by any asserted, compelling state interest and, accordingly, § 27 must be determined to be unconstitutional as offensive to constitutional guarantees of due process; and that the trial court erred by modifying rather than severing the provision.

The city contends that there was not a significant interference with constitutional rights and that the 50-plus provision bears a rational relationship to the legitimate government interest of providing housing for senior citizens. In addition the city argues that the court intended the objected-to portion of § 27 to be severed, not redrafted.

If possible, an ordinance must be construed in such a way as to render it valid, not invalid. Where a court strikes down parts of an ordinance, it must declare the entire ordinance to be of no effect unless the invalid section can be severed from the rest of the ordinance and still leave it complete and operative. *Orion Twp v Weber,* 83 Mich App 712, 718-719; 269 NW2d 275 (1978). The trial judge acknowledged that one of the basic questions of law involved related to the validity of the remainder of the special use permit should § 27 be declared invalid. In the body of his opinion he stated that the age 50 provision of § 27 of the special use permit was reasonably related to the government's interest in the public welfare except as to requiring both spouses to be 50 years of age.

In its opinion the lower court held:

"Section 27 of the Supplemental Use Permit for Sterling Mobile Home Park is unconstitutional in part as being an unreasonable exercise of the zoning power, if interpreted to exclude persons as residents where one spouse is 50 years of age or more, but the other is not.

Accordingly Section 27 is to be interpreted as permitting married couples to be residents, if either or both spouses is 50 years of age or more, and Section 27 is to be so administered and is modified accordingly."

We are in agreement with the lower court that the language of § 27 as written is unconstitutional in part by excluding residents where one spouse is 50 years of age or more but the other is not. Nevertheless, judicial construction of a statute or ordinance is inappropriate where the language of the statute is unambiguous. *Oakland County Prosecutor v 46th District Judge,* 76 Mich App 318; 256 NW2d 776 (1977). As the Supreme Court stated in *The Raven, Inc v City of Southfield,* 399 Mich 853 (1977), adopting the dissenting opinion of Chief Judge Danhof at 69 Mich App 696, 702; 245 NW2d 370 (1976):

"It is axiomatic in the law that where statutory language is plain, certain and unambiguous, such language is not subject to construction by the courts."

The trial judge emphasized that he intended to sever the age 50 provision rather than interpret it; however, the language used in his opinion indicates a construction rather than a severance. The expressed language of § 27 states that "no person" under the age of 50 shall be permitted to reside in plaintiff's mobile home park. The provision is clear, certain and unambiguous and is therefore not a proper subject for judicial construction.

The various provisions of § 27 of the special use permit are of such a nature that the effective operation and validity of the remainder of the permit would not be negated if the § 27 provisions are stricken, therefore severance is not only permissible but required. *Eastwood Park Amusement*

*Co v Mayor of East Detroit,* 325 Mich 60; 38 NW2d 77 (1949). The approach taken by the lower court was an interpretation of a restriction that was clear, unambiguous and not capable of interpretation.

We reverse the lower court's judgment and remand the case for entry of a declaratory judgment that § 27 of the special use permit is void and for issuance of a permanent injunction restraining its enforcement.

The award of costs to defendants in the lower court is set aside, each party to bear their own costs, a public question being involved.