HURON ADVERTISING COMPANY v CHARTER TOWNSHIP OF PITTSFIELD

Docket No. 53774. Submitted June 9, 1981, at Lansing.—Decided October 19, 1981. Leave to appeal applied for.

The Charter Township of Pittsfield issued a conditional use permit to Douglas H. Higgins, Inc., for storage of construction materials and equipment. The permit included a provision that a nonconforming billboard which was to be removed was not to be replaced anywhere on the premises. Subsequently, Huron Advertising Company leased a portion of the subject property from Higgins and applied for a permit to erect a billboard. The township denied the request. Huron brought an action against the township to compel the issuance of a permit. The Washtenaw Circuit Court, Edward D. Deake, J., granted summary judgment and, after reconsideration upon a motion by plaintiff, affirmed the grant of summary judgment to the township, holding that the language of the conditional use permit prohibits billboards on the property. Plaintiff appeals, alleging that the trial court erred in its interpretation of the permit. *Held:*

The trial court properly interpreted the language of the conditional use permit as prohibiting any billboards on the property.

Affirmed.

1. Statutes — Judicial Construction — Ordinances — Conditional Use Permits.

The same principles of construction are applied to a conditional use permit as would be applied to a zoning ordinance.

2. Statutes — Judicial Construction — Ordinances.

All words and phrases in ordinances and statutes must be construed according to their common and approved usage, giving

References for Points in Headnotes

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 398 *et seq.*
82 Am Jur 2d, Zoning and Planning §§ 66-68, 281.
[2] 73 Am Jur 2d, Statutes § 254.
[3] 73 Am Jur 2d, Statutes §§ 194-196.

effect to each part of the language so as not to render other parts nugatory.

3. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.
Judicial construction of a statute or ordinance is inappropriate where the language is unambiguous; however, where a statute or ordinance is subject to more than one interpretation it must be construed in a manner consistent with reason so as to give effect to the intent of the Legislature.

*Calder, Kirkendall & Logeman, P.C.,* for plaintiff.

*Reading & Etter,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff appeals an order granting summary judgment, pursuant to GCR 1963, 117.2(3), to defendant and upholding defendant's denial of a permit to erect a billboard on the subject parcel of property.

On April 15, 1976, defendant issued a conditional use permit to Douglas H. Higgins, Inc. (Higgins), for the outdoor storage of equipment and materials associated with its contracting business. The conditional use permit was for a 9.49-acre parcel of land zoned I-1.

The conditional use permit authorized Higgins to use its land for outdoor storage subject to certain stated limitations, two of which are germane to this appeal:

"BE IT FURTHER RESOLVED that the conditional use permit shall be limited to outdoor storage of the following:
"—Building materials
"—Construction machinery and equipment

* Circuit judge, sitting on the Court of Appeals by assignment.

"—Motor vehicles
"—Oils and fuels, in appropriate containers, for use in construction operations

*   *   *

"BE IT FURTHER RESOLVED that the existing non-conforming billboard, to be removed for construction of the earth berm, shall not be replaced anywhere on the premises;"

On August 28, 1979, Higgins and plaintiff entered into a lease agreement whereby plaintiff leased approximately 1.07 acres of the 9.49 acres subject to the conditional use permit. The lease provided for the erection of a lighted outdoor billboard.

On August 29, 1979, plaintiff applied for a permit to erect a billboard in accordance with the then-existing sign ordinance of defendant township. Plaintiff's application was denied.

In response, plaintiff commenced this action to compel defendant to issue a permit. Plaintiff's complaint alleged, *inter alia,* that defendant denied its application for a permit so that defendant would have enough time to enact a new, more prohibitive sign ordinance. A new sign ordinance was indeed enacted in September of 1979. However, hearings on this new ordinance had commenced prior to plaintiff's application for a permit.

Defendant moved for summary judgment. On May 30, 1980, the trial court granted defendant's motion, holding that denial of a permit was justified since Higgins' conditional use permit forbade billboards. Plaintiff moved for reconsideration, contending that the trial court's decision was improperly based on the legal conclusion (contained in the zoning inspector's affidavit) that the conditional use permit expressly prohibits all billboards on the subject property. Plaintiff argued that the

conditional use permit did not prohibit the construction of all billboards, but only required that the billboard existing at the time the conditional use permit was issued be removed and not relocated anywhere on Higgins' land.

The trial court granted plaintiff's motion for reconsideration and after hearing oral arguments affirmed its previous decision. After noting that this was its first opportunity to actually interpret the terms of the conditional use permit, the trial court stated:

"I am ruling that the words 'the existing non-conforming billboard' would apply to the billboard that existed then or any other similar billboard, that it would also be nonconforming.

"In other words, the words 'existing non-conforming billboard' applies not only to a specific billboard, but to any billboard. I guess billboard would mean more or less fungible, where one can be exchanged for the other.

"So, the old conditional use permit I treat as a tradeoff. The township granted outdoor storage of four different types of things and the plaintiff's predecessors gave up an existing non-conforming right, namely, to have a billboard. This should not be replaced anywhere on the premises. Anywhere means anywhere within the acreage.

"'* * * I am ruling as a matter of law that the conditional use permit actually prohibits billboards on the premises."

The trial court's decision was based entirely on the ordinance as it existed when the billboard permit was applied for and denied. It did not mention the subsequent ordinance amendment, which totally prohibits billboards in I-1 districts.

On appeal, plaintiff concedes that there is no dispute as to the constitutionality, validity or applicability of the conditional use permit. Plaintiff

contends only that the trial court erred in its interpretation of that permit.

We note at the outset that we are not directly dealing with a zoning ordinance, but, rather, with a conditional use permit issued in accordance with a zoning ordinance. Nevertheless, as the parties note, we apply the same principles of construction to the conditional use permit as if it were strictly an ordinance. See *Adrian Mobile Home Park v City of Adrian,* 94 Mich App 194; 288 NW2d 402 (1979), McQuillin, Municipal Corporations (3d ed), § 20.39.

All words and phrases in ordinances and statutes must be construed according to their common and approved usage. MCL 8.3a; MSA 2.212(1). Effect must also be given to each part of a sentence, so as not to render another part nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). Judicial construction of a statute or ordinance is inappropriate where the language of the statute is unambiguous. *Adrian Mobile Home, supra,* 198; *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959). However, where a statute or ordinance is found to be subject to more than one interpretation, we must interpret the language in a manner consistent with reason, so as to give effect to the intent of the Legislature. See *Melia, supra, Stover v Retirement Board,* 78 Mich App 409, 412; 260 NW2d 112 (1977), *lv den* 402 Mich 879 (1978).

Applying these rules of construction to the instant case, we find that the conditional use permit clearly limits use of the subject parcel to the outdoor storage of certain specified articles. It does not permit uses beyond those envisioned in the permit, and does not permit construction of a billboard.

The only provision of the conditional use permit which is arguably ambiguous is the section which provides that "the existing non-conforming billboard, to be removed for construction of the earth berm, shall not be replaced anywhere on the premises". Plaintiff would have us interpret this provision as meaning that only the particular billboard existing at the time the conditional use permit was granted could not be put back upon the property. However, this interpretation ignores the purpose and objective of the conditional use permit which designated the subject property for use as a storage area.

Furthermore, plaintiff's interpretation of the cited passage places emphasis only on the requirement that the "existing non-conforming billboard" be removed and ignores the additional requirement that plaintiff's predecessor in interest was not to "replace" the removed billboard anywhere on the premises. In this regard, we note that the term "replace" means more than to put something back into its former position, it also means "to provide a substitute or equivalent for * * *". Webster's New World Dictionary (2d ed), p 1206. With this in mind, we construe the conditional use permit as providing that once the existing billboard was removed, no other (substitute or equivalent) billboard could take its place on the premises.

In conclusion, we find that the trial court's interpretation of the conditional use permit is correct and gives effect to the purpose of the permit which is to designate the subject parcel for use as a storage area and to limit its use to outdoor storage of certain enumerated objects.

Affirmed. Costs to defendant.