PEOPLE v FLINT RIGGERS AND ERECTORS, INC (ON REMAND)

Docket No. 144367. Submitted February 17, 1993, at Lansing. Decided
May 18, 1993, at 9:20 A.M. Leave to appeal sought.

Flint Riggers and Erectors, Inc., was found responsible in the
85th District Court for operating an overweight vehicle in
violation of MCL 257.722, 257.724; MSA 9.2422, 9.2424 and was
fined because it had attached its tractor to a semitrailer and
transported an overweight load on a highway. The Manistee
Circuit Court, James M. Batzer, J., affirmed the district court
decision. The Court of Appeals, GILLIS, P.J., and SULLIVAN and
BRENNAN, JJ., denied the defendant's application for leave to
appeal (Docket No. 130181). The Supreme Court, in lieu of
granting leave to appeal, remanded the case to the Court of
Appeals for consideration as on leave granted. 438 Mich 852
(1991).

On remand, the Court of Appeals *held:*

The act of attaching the tractor to the semitrailer carrying
the overweight load constituted the "loading" of the tractor
within the meaning of MCL 257.724(3); MSA 9.2424(3). The
court did not err in finding the defendant responsible for the
fines either because it loaded the vehicle or because the statute
proscribes either the loading in conjunction with driving or
merely the moving of any overweight vehicle on a highway.

Affirmed.

1. HIGHWAYS — OVERWEIGHT VEHICLES — LOADING — MOVING.

The statute that provides that an owner of a vehicle or a lessee of
the vehicle of an owner-operator, or other person, who causes
or allows a vehicle to be loaded or driven or moved on a
highway when its weight violates statutory wheel and axle load
restrictions is responsible for a civil infraction proscribes not
only the loading and driving of an overweight vehicle but also
the moving of any overweight vehicle on a highway without

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 196, 200.

Automobiles: construction and operation of statutes or regulations
restricting the weight of motor vehicles or their loads. 45 ALR3d
503.

regard to who loaded the vehicle (MCL 257.722, 257.724[3]; MSA 9.2422, 9.2424[3]).

2. HIGHWAYS — OVERWEIGHT VEHICLES — LOADING.

An owner-operator's act of attaching its tractor to a semitrailer may constitute the loading of the tractor within the meaning of the statute that provides that the owner of a vehicle or a lessee of the vehicle of an owner-operator, or other person, who causes or allows a vehicle to be loaded and driven or moved on a highway when the weight of the vehicle violates statutory wheel and axle load restrictions is responsible for a civil infraction (MCL 257.724[3]; MSA 9.2424[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Swain,* Prosecuting Attorney, and *Dennis Krolczyk,* Assistant Prosecuting Attorney, for the people.

*Ball, Van Dam & Ross, P.C.* (by *Paul M. Ross),* for the defendant.

ON REMAND

Before: CORRIGAN, P.J., and SHEPHERD and MC-DONALD, JJ.

PER CURIAM. Defendant appeals from a June 5, 1990, circuit court order affirming a district court decision finding defendant responsible for operating an overweight vehicle in violation of MCL 257.722 and 257.724; MSA 9.2422 and 9.2424 and assessing fines and costs of $31,620. We originally denied leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 438 Mich 852 (1991).

Defendant was ticketed for operating a tractor with an attached ten-axle semitrailer carrying a large generator. Section 724(3) states, in relevant part:

> An owner of a vehicle or a lessee of the vehicle of an owner-operator, or other person, who causes or allows a vehicle to be loaded and driven or moved on a highway, when the weight of that vehicle violates section 722 [wheel and axle load restrictions] is responsible for a civil infraction.

Defendant interprets the statute as applying only to those who load and drive or load and move an overweight vehicle on a highway. Although it is undisputed defendant owned and operated the tractor used to move the trailer carrying the generator on the roadway, defendant contends this activity did not constitute "loading" within the meaning of the statute. Thus, defendant contends the court erred in finding a violation of the statute because there was no evidence presented indicating defendant was responsible for physically placing the generator on the trailer.

The trial court found defendant "loaded" the trailer when it hooked its tractor to it. Although we agree the act of attaching a semitrailer to a tractor may constitute the "loading" of the tractor within the meaning of the statute, such a finding need not be made because we believe the statute proscribes not only the loading and driving of an overweight vehicle but also the "moving" of any overweight vehicle on a highway. Thus, we read the statute to prohibit either the loading and driving or just the moving of an overweight vehicle on a highway.

Statutes are to be construed to avoid absurd and unreasonable consequences and to give effect to the intent of the Legislature. *Richmond Twp v Erbes,* 195 Mich App 210; 489 NW2d 504 (1992); *Huron Advertising Co v Pittsfield Twp,* 110 Mich App 398; 313 NW2d 132 (1981). If the phrase "loaded and driven or moved" was read to include the loading requirement with either the driving or

moving requirement as suggested by defendant, the Legislature's obvious intent to preserve roads from the wear and tear of excessively overweight loads would be frustrated. As the circuit court accurately noted, under defendant's interpretation of the statute, the statute's weight restrictions could be violated with impunity by arranging for an anonymous person to physically place the cargo on the trailer. A driver could then haul any weight without fear of reprisal merely by virtue of ignorance of the identity of the loader. Enforcement of the statute, if at all possible, would be overly burdensome. Clearly such a result was not intended. The trial court did not err in finding defendant responsible for the fines either because the act of attaching the tractor to the trailer constituted "loading" or because the statute proscribes either the loading in conjunction with driving or merely the moving of any overweight vehicle.

Affirmed.