SHORES, Justice.
Emory and Maggie Evans own a tract of land in Houston County, Alabama. In 1975, the land was annexed to the City of Dothan. The Evanses claim that they first learned of the annexation in January 1981, when they were told by a building inspector for Dothan that the land was within the city limits and that they needed a variance from the city zoning board to place a mobile home on the property. The zoning board refused to grant the Evanses’ request for the variance.
Thereafter, on September 22, 1981, Emory Evans appeared before the Dothan Board of Commissioners and requested that the property be deannexed from the city. On September 30, 1981, the Board of Commissioners unanimously adopted a resolution reducing the corporate limits of Do-than to exclude the Evanses’ property. The resolution was transmitted to the Probate Court of Houston County, pursuant to Ala. Code 1975, § 11-42-200. A hearing was held in that court, pursuant to Ala. Code 1975, § 11-42-202, on November 5, 1981, and no objections were made to the proposed reduction. The judge of probate thereupon entered an order establishing the corporate limits of Dothan as outlined in the resolution.
The plaintiffs brought this declaratory judgment action in the Circuit Court of Houston County on July 29,1982, seeking a determination that the Board of Commissioners exceeded its authority by adopting the resolution. On April 3,1984, the circuit court held:
“[T]he passage of [the] resolution ... by the Board of Commissioners of the City of Dothan, Alabama, on September 30, 1981, reducing the corporate limits of the City of Dothan, Alabama, is contrary to Sec. 11-42-200 of the Code of Alabama, 1975, in that the passage of said resolution does not comply with such statute, and such is void.”
We disagree and reverse and remand.
Ala.Code 1975, § 11-42-200, which authorizes the reduction of the corporate limits of a town or city, provides as follows:
“Whenever in the opinion of the council or governing body of any city or town the public health or public good requires that the corporate limits of such town or city be reduced and the boundaries thereof reestablished, said council shall pass a resolution defining the proposed corporate limits. (Acts 1923, No. 372, p. 394; Code 1923, § 2413; Code 1940, T. 37, § 237.).” (Emphasis added.)
Four members of the Dothan Board of Commissioners testified in this action that the decision to remove the Evanses’ property from the city was based on a city policy which allows individual property owners to decide whether to be annexed to the city. Since the Evanses were apparently unaware of the annexation of their property in 1975, these commissioners considered it only fair to allow them to leave the city.
The circuit court, however, refused to equate the city’s uniform policy with the “public good,” writing:
“There is substantial evidence presented in this case that the reduction of the corporate limits was done for the purpose of equity and fairness toward the property owner defendants, and such is itself commendable. However, while the reduction of the corporate limits may have been required for the good of the private property owner defendants, there is no reasonable factual support presented that the public health or public good required that the corporate limits be reduced and the city boundaries be re-es *497 tablished as was done in the present case.”
The issue in this case is: To what extent may the courts of this state review the decision of the governing body of a city or town that the “public health” or “public good” requires the reduction of the corporate boundaries of the city or town? We have not directly addressed this issue.
In City of Birmingham v. Mead Corp., 372 So.2d 825 (Ala.1979), however, this Court held that when the governing body of a city determines to annex property, it acts in its legislative capacity. Hence, the Court held that, in this circumstance, “the wisdom or expediency of the annexation is not a concern of the courts.” 372 So.2d at 828. Quoting from Yokley on municipal corporations, the Court stated the rule of judicial review of an annexation proceeding as follows:
“ ‘The general rule is that if the reasonableness of a proposed annexation is fairly debatable, the courts will defer to the judgment of the council in enacting the annexation ordinance....

“ ‘The legislative body of a municipality is given a very broad discretion in the determination of the necessity of the reasonableness of an annexation, and it has been repeatedly held that the courts will interfere only to correct an abuse of that discretion_’ 1 Yokley, Municipal Corporations (1956 Ed.), § 34.”
372 So.2d at 828-29.
We hold that when the governing body of a city or town resolves to reduce its corporate limits, it acts in its legislative capacity, just as it does when it determines to enlarge its corporate limits. See Mead, supra. Consequently, when the reasonableness of the proposed reduction is fairly debatable, the courts will defer to the judgment of the governing body of the city or town and will interfere with its decision only to cure an abuse of discretion.
Applying this principle to the case at hand, we must reverse the judgment of the trial court, because nothing in the record indicates that the Board of Commissioners of Dothan abused its discretion by determining that the public good was served by the reduction of the city’s corporate limits.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.