L. CHARLES WRIGHT, Retired Appellate Judge.
Danny Bentley is a resident of Oneonta whose property adjoins the McPherson Oil Company property. McPherson Oil Company is a bulk oil storage facility owned and operated by Charles McPherson and his wife, Jane.
In July 1985 McPherson petitioned the Oneonta City Council to de-annex from the city limits the property on which McPherson Oil was located. The City Council voted to suspend all rules which would prevent the immediate adoption of a resolution to de-annex the McPherson Oil property from the City of Oneonta. Such a resolution was then adopted.
Bentley filed a petition for declaratory relief in the Circuit Court of Blount County, Alabama, wherein he alleged that the de-annexation of the McPherson Oil property was contrary and detrimental to the public good and public health. Bentley further alleged that the de-annexation was a conscious, willful, and illegal act by the City Council to benefit one landowner while depriving another of his legal rights. Bentley requested that the trial court declare that the de-annexation was contrary to state law and thus void.
After a hearing, the trial court denied Bentley’s petition. Bentley appealed.
*744 Bentley raises two issues on appeal. In his first issue he submits that the trial court erred in its failure to find that the resolution for de-annexation of the McPherson Oil property was either an abuse of discretion, an arbitrary and capricious act, or an act of bad faith and thus void.
It has previously been established that a city council is acting in its legislative capacity when it annexes property to or de-an-nexes property from the city’s boundary. City of Birmingham v. Mead Corp., 372 So.2d 825 (Ala.1979). When a city council has adopted an ordinance or resolution in its legislative capacity and that action is authorized, then the courts will not inquire into the motives which may have induced this action. Hall v. City of Tuscaloosa, 421 So.2d 1244 (Ala.1982). When there are allegations of bad faith, as in this case, the bad faith cannot be shown by extrinsic facts, but must be apparent on the face of the act. Hall, 421 So.2d 1244.
The governing body of a municipality has very broad discretion when considering a proposed de-annexation. Evans v. Stone, 473 So.2d 495 (Ala.1985). When the reasonableness of such a proposal is fairly debatable, the courts will not interfere with the decision of a municipality’s governing body when considering such a proposal unless there was an abuse of discretion. Evans, 473 So.2d 495.
In the present case the resolution issued by the City Council of the City of Oneonta stated that it had been determined by such council that the de-annexation of the McPherson Oil property was “in the public interest, public health and public good of the City of Oneonta.” The mayor and several members of the Oneonta City Council testified at the hearing and all indicated that his/her vote was the result of a determination of what would be in the best interests of the city and its citizens.
Based upon our finding that there was no bad faith apparent on the face of the resolution nor was there an abuse of discretion, we affirm the trial court’s denial of Bentley’s petition for declaratory relief.
In his second issue, Bentley contends that the trial court erred in narrowly limiting the scope of evidence. Bentley argues that the trial court’s refusal to allow the members of the City Council to answer questions relating to their belief that McPherson Oil might close if the property were not de-annexed or questions concerning possible conflicts of interest made the discovery of any actual, unstated reasons for the de-annexation impossible to determine.
We have stated that allegations of bad faith cannot be proved by extrinsic evidence, but must be apparent on the face of the act. Hall v. City of Tuscaloosa, 421 So.2d 1244. Consequently, we find that the trial court correctly disallowed such testimony.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.