**STATE of Texas ex rel. W. N. RATCLIFF et al., Appellants,**

v.

**CITY OF HURST, Texas, Appellee.**

No. 17126.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1970.

Rehearing Denied Oct. 23, 1970.

Wilbur T. Knape, Dallas, for W. N. Ratcliff.

William D. Campbell, Fort Worth, for City of Southlake.

Tom Cave, Hurst, for appellee.

OPINION ON MOTION FOR RE-HEARING

MASSEY, Chief Justice.

Our former opinion of June 26, 1970 is withdrawn and the following substituted therefor.

This suit began as an action against the City of Hurst by the State of Texas *in quo warranto,* the relator being W. N. Ratcliff. Both the Town of Colleyville and the City of Southlake intervened. The attack made by the suit and petitions in intervention were upon the legality of Hurst's annexation Ordinances Nos. 184 and 306.

Said Ordinance 184 purported to extend the city limits of Hurst toward the north and around to the west of the municipality of Bedford (which lay immediately north of the City of Hurst) and up to the west and past Colleyville (located immediately north of Bedford), then around and encompassing land lying to the north of Colleyville. The intention of the City of Hurst was that the northernmost boundary of the land annexed would be near to but a little south of the corporate limits of the City of Southlake, but in this respect it

erred since the description of such land included portions of several areas which had been earlier annexed by Southlake. Of this, more later.

Date of Hurst Ordinance No. 184 may be taken as February 14, 1961.

Subsequently, as the result of a dispute between Hurst and Colleyville there was an agreed judgment entered as of May 29, 1963 which purported to effect a disannexation of a part of the area originally contemplated to be annexed under Ordinance No. 184.

Thereafter, on June 11, 1964, Hurst passed a disannexation ordinance which purported to effect a further and additional disannexation. Objective of the ordinance was to "carve out of the middle" of the remaining area of land all except a 50-foot strip inside its perimeter.

As a result of this intended disannexation the northern boundary anticipated to be left remaining was a 50-foot strip of land which, when applied on the ground, would be found to run east and west across and overlapping area theretofore annexed by Southlake.

Subsequently, by Ordinance 306 of September 28, 1965, Hurst purportedly annexed by Section "A" thereof an area of land lying immediately west of Colleyville. Such had been a portion of the area intended to have been disannexed pursuant to the Hurst-Colleyville agreed judgment entered on May 29, 1963. By Section "B" of Ordinance No. 306 Hurst purportedly annexed a 50-foot strip of land surrounding an area of land immediately west of the northernmost part of the area originally intended to be annexed by its Ordinance No. 184 (and which Hurst believed had become encircled by the 50-foot strip as incorporated area pursuant to its disannexation ordinance passed June 11, 1964).

A rough diagram is inserted below to clarify the land surface situation, particularly as applied to the location of the land area purportedly annexed by Section "A" of Hurst's Ordinance No. 306, and as applied to that portion of the 50-foot strip remaining of the area contemplated by Hurst's Ordinance No. 184 (after the disannexation pursuant to the agreed judgment of May 29, 1963), to be taken into consideration with other factual background information. This diagram shows only the easternmost portion of the 50-foot strip purportedly annexed by Section "B" of Ordinance No. 306.

The diagram portrays the 50-foot strip of land which remained of the land described by Hurst's Ordinance No. 184, as amended by reason of the intended disannexation pursuant to the agreed judgment (and as altered by reason of the fact that said 50-foot strip in the northernmost line would be interrupted by land theretofore annexed by Southlake, at points marked A and B). We have marked a block of land by a "cross-hatch" to show the form and location of the area intended to be annexed by Section "A" of Hurst's Ordinance No. 306. Note the location of the municipalities of Colleyville and Bedford with the areas of adjacency of one municipality to the other and to Hurst proper, as well as to land and strip of land contemplated by Hurst's Ordinances Nos. 184 and Section "A" of 306. Note the point of adjacency and contiguity of the 50-foot strip purportedly remaining of the land intended to be retained to Hurst. The adjacency of the 50-foot strip of land intended to be annexed under Section "B" of Ordinance No. 306 to the 50-foot strip of land under Ordinance No. 184 is also shown.

Original passage of Hurst's Ordinance No. 184 on February 14, 1961 antedated dates material in the Municipal Annexation Act (Vernon's Ann.Tex.Civ.St., Art. 970a). Therefore the City of Hurst, a municipality to which the provisions of said Act had application upon the effectiveness of the Act was not restricted thereby in respect to its Ordinance No. 184. However, the area annexed included (in its northern portion) land which had been theretofore annexed by the City of Southlake. For that reason it would initially appear that Ordinance No. 184 was void under the holdings in State ex rel. American Manufacturing Company of Texas v. City of Fort Worth, 314 S.W.2d 335 (Fort Worth Civ.App., 1958, no writ) and in City of Irving v. Callaway, 363 S.W.2d 832 (Dallas Civ. App., 1962, ref., n. r. e.). However, it is contended by the City of Hurst that the annexation was "saved" other than as applied to this overlapped area of Southlake because of the provisions of a "savings

clause" made a part of the ordinance. See City of Houston v. Harris Co. Eastex Oaks W. & S. Dist., 438 S.W.2d 941, 949 (Houston (1st Dist.) Civ.App., 1969, ref., n. r. e.).

■ We disagree. This "savings clause" does not read in such manner as would serve to carve out of the ordinance (as of the date of its passage) the area therein described overlapping the Southlake land. Its provisions do not make entirely clear the extent of territory sought to be added to the City of Hurst in the event of such an overlap. Validity of Ordinance No. 184 may not be considered as "saved" thereby. State ex rel. Winn v. City of San Antonio, 259 S.W.2d 248 (San Antonio Civ.App., 1953, ref., n. r. e.). Hurst's Ordinance No. 184 was void.

■ Since Ordinance No. 184 was void the disannexation purportedly effective as the result of the agreed judgment which settled the dispute between Hurst and Colleyville (May 29, 1963) was inoperative insofar as it may be applied to issues in the present litigation. While the judgment may have vested some right as between parties to the litigation (unnecessary for any present determination) there was nothing effectively accomplished by Hurst in its attempts of subsequent reannexation. Although the City of Hurst did attempt to reannex said "disannexed" area, or portion thereof, by its Ordinance No. 306 (in Section "A" thereof) the attempt was wholly ineffective because there was no adjacency thereof to the corporate boundary of Hurst at time it was passed (Ordinance 184 being void in its entirety).

■ As aforestated the ordinance of Hurst, passed June 11, 1964, purported to disannex all the area believed to lie within the persisting corporate limits of the area annexed by its Ordinance 184 (considered as area after the disannexation resultant from the agreed judgment settling its litigation with Colleyville) except for a 50-foot strip inside its perimeter. This disan-

nexation ordinance was wholly ineffective because it was an attempt to disannex land which did not "belong" to Hurst. There can be no effective disannexation of any area which was no part of the incorporated area of the municipality at the time such was attempted.

If said annexation (under Ordinance No. 184) be considered to have had any effect, so that as an ultimate result the 50-foot strip would have persisted as a part of the incorporated area of Hurst after disannexation(s), that strip would not be in the form of a loop but rather in the form of two tongs, the tips of which would touch against incorporated area within Southlake. With that fact recognized it may be observed that the area purportedly annexed by Hurst under Section "A" of its Ordinance No. 306 would be a block of acreage adjacent to the side of one of the tongs, or fingers of land, and contiguous to a portion thereof, but not "adjacent" to Hurst. Rather would such area be adjacent to the municipalities of Colleyville and Bedford under the principles of law considered in City of Pasadena v. State ex rel. City of Houston, 442 S.W.2d 325 (Tex.Sup., 1969).

In *City of Pasadena* the area considered was a finger of land similar to the 50-foot strip here treated for purposes of discussion as existent prior to enactment by Hurst of its Ordinance 306, Section "A". The same principles of law declared by the Supreme Court in *City of Pasadena* would apply to a block area attempted to be annexed where the "adjacency" upon which its validity depended would only be the side of the strip or finger of land, with no fact issue arisen as applied to its "adjacency" to Hurst for any additional reason. Though validity of the annexation might under altered circumstances have been existent—because effected prior to the Municipal Annexation Act (V.A.T.S. Art. 970a)—nevertheless we are of the opinion that any extension of such a strip or finger of land would be an act or attempted act to which the Municipal Annexation Act would have full application. The same

would be true as applied to any attempt to annex a blocked-out area of land at the end or at the side of such a strip or finger of land. In either case we believe the annexation would be void.

The purported annexation of the other 50-foot strip (contemplated by Section "B" of Hurst's Ordinance 306) was void for the same reasons, though for the additional reason that its validity necessarily depended upon the validity of Hurst's Ordinance No. 184, which we have herein held to be void.

Judgment is reversed. Judgment is rendered declaring void those annexation ordinances of the City of Hurst, Numbered 184 and 306.