**John Dale WEAVER, M. D., et ux., Appellants,**

v.

**CITY OF SUNSET VALLEY, Appellee.**

No. 12375.

Court of Civil Appeals of Texas, Austin.

March 10, 1976.

Rehearing Denied March 31, 1976.

H. Glenn Cortez, Austin, for appellants.

J. C. Hinsley, Austin, for appellee.

O'QUINN, Justice.

John Dale Weaver and wife, Charlotte, filed this suit on March 27, 1975, seeking a declaratory judgment to set aside two ordinances passed by the governing body of the City of Sunset Valley on August 22, 1963, by which real property owned by plaintiffs was annexed to the municipality.

Sunset Valley answered, pleading among other defenses that the action, brought more than eleven years after passage of the ordinances, was barred by the four year statute of limitations. (Art. 5529, V.A.T.S.).

After hearing on special exceptions and pleas in abatement filed by Sunset Valley, the trial court sustained certain pleas, including the pleas that suit was barred by the four year statute of limitations, and dismissed the cause.

Weaver and wife appealed and bring five points of error. Under their fourth point of error appellants contend: "The trial court erred in holding that this suit is barred by limitations in that limitations does not bar a cause of action which may have been brought by an entity not barred by limitations." We overrule this point and will affirm the judgment of the trial court.

By proper pleadings Sunset Valley invoked provisions of Article 5529, as follows: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Appellants contend that at the time the annexation ordinances became effective in September of 1963 the Municipal Annexation Act of 1963 "had established the superseding extraterritorial jurisdiction of the City of Austin" as to the area annexed by Sunset Valley. Art. 970a, V.A.C.S. (Acts 1963, 58th Leg., p. 447, ch. 160). Appellants argue that the annexations by Sunset Valley were in violation of Article 970a because they encroached upon territory within Austin's jurisdiction, "without consent of said city, and without a judicial apportionment thereof."

Appellants urge that the four year limitation prescribed by Article 5529 would be inapplicable to the City of Austin in bringing an action to set aside the Sunset Valley annexations by reason of the exemption found in Article 5517, V.A.C.S., that the "right of . . . incorporated cities . . . shall not be barred by any of the provisions of . . . [Title 91, Limitations]."

The parties join issue on appellants' contention, as stated in their brief, that "In this case the Appellants are vindication [vindicating] a right which the City of Austin could have asserted, namely, the invalidity of the annexation for encroachment upon the extraterritorial jurisdiction of the City of Austin. Thus the Appellants are not barred by limitations, to the same extent that the City of Austin would not have been barred."

For support of this position appellants rely on decisions in *Atmar v. Magee,* 264 S.W.2d 507 (Tex.Civ.App. Galveston 1954, no writ), *Eidelbach v. Davis,* 99 S.W.2d 1067 (Tex.Civ.App. Beaumont 1936, writ dism'd), and *Spencer v. Levy,* 173 S.W. 550 (Tex.Civ. App. Austin 1914, writ ref.). Appellants say that these cases stand for the proposition that "Where a person claims under a right given to an agency which is not bound by limitations, 'such right would not be subject to bar of the statute of limitations.'"

We do not find appellants' conclusion supported by these cases. In *Atmar v. Magee* the court stated that "the defendants did not plead the four-year statute of limitations." (264 S.W.2d 510, col. 2) The subsequent statement of that court that insofar as plaintiffs may have been authorized as members of the public "to vindicate the right of the public to have encroachments upon a public easement, or to have a public nuisance upon such easement removed, such right would not be subject to the bar of statutes of limitations," is mere dictum and lacks the force of an adjudication. Moreover, for support of the statement, that court cited *Eidelbach v. Davis, supra,* which held individuals barred by limitation as to street obstructions erected more than four years prior to suit.

The court in *Atmar v. Magee* held that since the street encroachment complained of did not adversely affect the value of plaintiffs' property, they suffered no special injury other than that suffered by the general public, because of which they were without right to relief by mandatory injunction to remove the encroachment. The court relied on the settled doctrine found in *Burrow v. Davis,* 226 S.W.2d 199 (Tex.Civ. App. Amarillo 1949, writ ref. n. r. e.), that an individual may not maintain a suit to remove encroachments from public streets unless the person has suffered special injury other than that suffered by the public at large.

There is no authority in *Atmar* or *Eidelbach* for appellants' position that the rights of individuals, as members of the public to vindicate the interest which the public might have asserted to remove encroachments or abate nuisances on public easements, are not subject bar by the statute of limitations. Nor is there authority in either case to authorize individuals generally to succeed to rights of municipalities to

bring actions free of the bar by limitations in instances where such action if brought by the municipality would not be barred.

*Spencer v. Levy, supra,* the third case relied on by appellants, involved an attempt to acquire title by limitation to part of a public street. The court decided that the meaning of the statute " . . . is that limitation as to a street does not run in favor of any person nor against any person." (173 S.W. 557, col. 2)

An earlier case cited by the court in *Spencer* construed the statute as " . . . only intended to protect the city and the public against the loss of the use of a street by adverse possession under the statutes of limitation, and . . . it does not protect the owner of the fee against such adverse possession." *Cocke v. Texas & N. O. R. Co.,* 46 Tex.Civ.App. 363, 103 S.W. 407, 409 (Galveston 1907, writ ref.). The statute under construction (Art. 3200, R.S.1895) was the forebear of Article 5517.

The provisions of Articles 5529 and 5517 have been under examination many times by the courts of this state, and we have not discovered in this body of case law any holding that would extend to private individuals the same exemption from the statutes of limitations that Article 5517 extends to municipalities, regardless of what right the individual sought to enforce. Appellants' position is untenable and not supported by any decision brought to our attention or authority examined in this connection.

Appellants also contend that if the statute of limitations is applied to them and would not be applicable to the City of Austin, such holding would be in violation of equal protection under the Fourteenth Amendment of the Constitution of the United States. We find the contention without merit. *City of Port Arthur v. Tillman,* 398 S.W.2d 750, 753 (Tex.Sup.1965; app. dism'd, 384 U.S. 315, 86 S.Ct. 1588, 16 L.Ed.2d 586).

Since we hold that this suit is barred by limitations, we do not reach the other issues raised by appellants.

Judgment of the trial court is in all things affirmed.

Affirmed.