**CITY OF WILLOW PARK, Appellant,**

v.

**Max E. BRYANT; Dwight Burton, and Wife, Wanda Burton; Roger G. Bedell, and Wife, Nancy Bedell; Grady Crain, and Wife, Judy Crain; John Goodman, and Wife, Ginny Goodman; Frank A. Clark, and Wife, Phylis S. Clark, Appellees.**

No. 2–87–081–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1988.

Rehearing Denied Jan. 26, 1989.

Staples, Foster & Hampton, and Carter L. Hampton, Hurst, for appellant.

Kenneth N. Price, Azle, for appellees.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal by the City of Willow Park from a declaratory judgment declaring that three of its annexation ordinances are invalid. *See* TEX.CIV.PRAC. & REM. CODE ANN. sec. 37.004 (Vernon 1986). Max E. Bryant and a number of other residents of a development in an area claimed to be in the city limits of Willow Park brought the declaratory judgment action seeking a declaration that the annexation ordinances were invalid and, as a result, their property was not within the city limits of Willow Park.

We reverse and render in part, reverse and remand in part, and affirm in part.

The City of Willow Park was incorporated in 1963. Later that year, the City passed Ordinance 107, which disannexed some specified portions of the land originally incorporated into the City. The evidence reflects that the ordinance resulted in the disannexing of a substantial area of land; and left three islands remaining of incorporated land which were geographically detached from the main body of the City of Willow Park. We are primarily concerned with only one of these islands, hereinafter referred to as the "L-shaped" island.

Almost fifteen years later, by Ordinance 143, the City attempted to annex an area in which some of the appellees reside. The land encompassed by Ordinance 143 was adjacent and contiguous to only one part of the City of Willow Park. That portion of the City was the L-shaped island created by disannexation Ordinance 107, away from the main body of Willow Park. Three months later, the City annexed more property, where the remainder of the appellees reside, through Ordinance 150. The land encompassed by Ordinance 150 was only contiguous and adjacent to the land previously annexed in Ordinance 143.

In 1984 the City passed Ordinance 188–84 which annexed a narrow strip of land that connected the L-shaped island adjoining the Ordinance 143 land to the main body of Willow Park.

In 1985 the residents of Willow Park passed a bond issue which resulted in the authorization of an ad valorem tax. Soon thereafter appellees complained to the City that their homes and property were not legally part of the City. This suit followed.

■ Appellees contend that the islands, created by Ordinance 107 in 1963, ceased to be a part of the City of Willow Park because they were no longer adjacent and contiguous to the main body of the City as required by law. The City contends that *if* the islands were created, they remained part of the City of Willow Park since there is nothing in Texas law which prohibits creation of islands by disannexation. Both parties admit that municipalities may only annex land which is adjacent and contiguous to existing city boundaries. *See City of Waco v. City of McGregor*, 523 S.W.2d 649, 652 (Tex.1975); *State of Texas ex rel Pan American Prod. Co. v. Texas City*, 157 Tex. 450, 303 S.W.2d 780, 781–82 (1957), *appeal dism'd*, 355 U.S. 603, 78 S.Ct. 533, 2 L.Ed.2d 523 (1958). As a result, Texas case law prohibits annexation which results in the creation of islands of incorporated areas away from the main body of the municipality. *City of Pasadena v. State ex rel City of Houston*, 442 S.W.2d 325, 328 (Tex.1969).

The trial court, based upon a single jury issue, ruled in favor of appellees and held Ordinances 143, 150 and 188–84 were without legal effect. The court also enjoined Willow Park from exercising any municipal authority over the areas purportedly annexed in those ordinances.

The City brings eight points of error on appeal.

In its sixth point of error, the City argues the trial court had no jurisdiction because the Attorney General was not made a party to the lawsuit in accordance with TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.006(b) (Vernon 1986). Section 37.006(b) provides:

> In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party ... and if the ... ordinance ... is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

*Id.*

■ Appellees did not contend that the ordinances were unconstitutional. As a result, failure to serve the Attorney General did not deprive the trial court of jurisdiction. *See Lumberton Municipal Utility Dist. v. Cease*, 596 S.W.2d 601, 604 (Tex. Civ.App.—Beaumont 1980, no writ); *Webb v. L.B. Walker and Associates*, 544 S.W.2d 952, 957 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

■ During oral argument, the City's attorney additionally argued that appellees should have brought their challenge to the validity of the annexation ordinances in a *quo warranto* proceeding rather than a collateral attack. We disagree. Appellees claimed that the annexation ordinances are void and not merely voidable. The law is well settled that a collateral attack is proper where plaintiffs contend that the ordinances are void. *See City of West Lake Hills v. State ex rel City of Austin*, 466 S.W.2d 722, 729 (Tex.1971); *City of Nassau Bay v. City of Webster*, 600 S.W.2d 905, 907 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e. 608 S.W.2d 618); *City of Missouri City v. Senior*, 583 S.W.2d 444, 446 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *City of Irving v. Callaway*, 363 S.W.2d 832, 836 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r. e.). Point of error six is overruled.

In its seventh point of error, the City argues that the statute of limitations bars appellees' claims. The City raised several statutes of limitations as defenses, including TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.051 (Vernon 1986). This is the residual four-year statute of limitations. Our research has uncovered only one case squarely on point. *Weaver v. City of Sunset Valley*, 535 S.W.2d 12 (Tex.Civ.App.—Austin 1976, no writ). In *Weaver*, landowners brought suit in 1975, seeking declaratory judgment to set aside two ordinances passed in 1963, which purportedly annexed their land. The municipality pled

the four-year statute of limitations, found at that time in TEX.REV.CIV.STAT.ANN. art. 5529, now codified in section 16.051. The trial court dismissed the cause as barred by limitations. *Weaver,* 535 S.W.2d at 12. The Austin Court of Appeals affirmed, holding that although the 1963 annexation appeared absolutely void because Sunset Valley annexed land within the City of Austin's extraterritorial jurisdiction, plaintiffs had to bring their suit within four years of the passage of the ordinance. *Id.* at 13.

The appellees here contend that because the Willow Park ordinances are void *ab initio,* no limitations period could apply. In support of this theory, they cite *City of Houston v. Harris County Eastex Oaks Water & Sewer Dist.,* 438 S.W.2d 941 (Tex. Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). We have carefully read the *Eastex Oaks* opinion and find no support for appellees' contention. The statute of limitations was not an issue in that case and clearly could not have been involved. It is evident from the facts of the opinion that the suit was filed within the four-year time period after the passage of the challenged ordinance. *Id.* at 943–44.

▄▄▄ Because the undisputed facts show suit was not filed in this case until long after four years from the enactment of Ordinances 143 and 150, appellees' cause of action for declaratory judgment on those ordinances is barred by the statute of limitations. As a result, we sustain point of error seven. However, we note that the statute of limitations would not apply in a *quo warranto* action brought by the State. TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.061 (Vernon 1986).

In its third point of error, the City contends the trial court erred in holding that Ordinance 188–84 is "wholly without legal effect."

▄▄▄ Although this case was tried to a jury, the single issue submitted to the jury did not involve Ordinance 188–84. The trial court filed findings of fact and conclusions of law. In the findings and conclusions, the court held: (1) the property contained in Ordinance 188–84 consisted, in part, of private property for which there was no petition for annexation; (2) Ordinance 188–84 was composed of property that was not at least 500 feet in width at its narrow point contiguous with the corporate city limits on two sides; and (3) the ordinance is wholly without legal effect. Although it is questionable whether the trial court had the authority to make additional findings of fact on disputed factual issues after a jury trial—*see Ditto v. Ditto Investment Co.,* 158 Tex. 104, 309 S.W.2d 219, 220 (1958), and *Murray v. Brazzel,* 438 S.W.2d 382, 384–85 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.), even assuming arguendo such findings were properly entered, we can find no evidence in the record that supports any of the court's findings of fact, and the resulting conclusions of law. The ordinance itself was not introduced into evidence, even though it was attached to appellees' petition. As a result, none of the property descriptions in Ordinance 188–84 are in the record. The only evidence in the record relating to this ordinance is testimony that it consists of an area marked in dark green in appellees' exhibit 12, a map of the areas in controversy. However, no one testified that area was an accurate description of the land purportedly annexed in the ordinance.

The appellees do not direct our attention to any evidence that would uphold the court's findings of fact and conclusions of law regarding Ordinance 188–84. Accordingly, we find there is no evidence to support the trial court's findings and conclusions. Therefore, we sustain the City's third point of error.

As a result of our rulings on points of error three and seven, we must reverse and render judgment that appellees' claims are barred by limitations. However, several questions remain before us. The City filed a counterclaim seeking that the court declare Ordinances 143, 150 and 188–84 are valid. In points of error one through three, the City contends the trial court erred in declaring Ordinances 143, 150 and 188–84 were without legal effect. In its fourth point of error, the City complains the trial court erred in finding that the land

incorporated into Ordinances 143 and 150 was not adjacent and contiguous to the City of Willow Park. Therefore, the question that remains before us is whether Ordinances 143, 150 and 188–84 may be declared valid.

The City contends in point of error four that the trial court erred in finding Ordinances 143 and 150 were not adjacent and contiguous to the town of Willow Park. The City presents a two-fold argument. Annexation Ordinance 188–84 formed a strip that connected the main body of Willow Park and the "143" lands. There being no evidence to support the trial court's ruling that 188–84 is invalid, the City argues 188–84 causes the "143" and "150" lands to be adjacent and contiguous to Willow Park. If, however, we hold the 188–84 strip does not save the "143" and "150" lands, the City contends the "143" lands still touch the L-shaped island created by disannexation Ordinance 107.

Nevertheless, a finding that 188–84 is not null and void does not "resurrect" Ordinances 143 and 150 if they were void when passed. *See City of W. Orange v. State ex rel. City of Orange,* 613 S.W.2d 236, 239 (Tex.1981); *State ex rel City of Everman v. City of Fort Worth,* 363 S.W.2d 500, 502 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). This leads us to the central issue of whether Willow Park could, by disannexation, create floating islands such as the L-shaped island at issue.

Cases concerning disannexation usually fall into two classifications. One group deals with the situation where citizens petition to have their property removed from municipal boundaries, usually because the municipality has failed or refused to provide essential services. *See generally,* 2 E. McQUILLEN, MUNICIPAL CORPORATIONS, sec. 7.25 (rev. 3rd ed. 1979); Acts 1883, p. 99; G.L. vol. 9, p. 405; [former article 975, TEX.REV.CIV.STAT.ANN. (Vernon 1963)], *repealed by* Acts 1987, 70th Leg., ch. 149, secs. 49(1), 707, 1306, now found at TEX.LOC.GOV'T CODE ANN. sec. 43.143 (Vernon 1988); *Vara v. City of Houston,* 583 S.W.2d 935 (Tex.Civ. App.—Houston [14th Dist.]) 1979, writ ref'd n.r.e.), *appeal dism'd w.o.j.,* 449 U.S. 807, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980). The second group concerns disannexation voluntarily undertaken by a municipality such as in the case before us. *See generally,* Acts 1895 p. 178; G.L. vol. 10, p. 909; [former article 973 TEX.REV.CIV.STAT. ANN. (Vernon 1963)], *repealed by* Acts 1987, 70th Leg., ch. 149, secs. 49(1), 707, 1306, now found at TEX.LOC.GOV'T. CODE ANN. sec. 43.144 (Vernon 1988); *Lusby v. Cozby,* 402 S.W.2d 799 (Tex.Civ. App.—Dallas 1966, no writ).

■ The testimony at trial concerning the disannexation Ordinance 107 establishes that the City disannexed several large parcels of land which did not belong to it. Because municipalities may not disannex what they do not own, the entire ordinance is wholly ineffective. *See State ex rel Ratcliff v. City of Hurst,* 458 S.W.2d 696, 699–700 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). The practical effect of declaring Ordinance 107 invalid is to restore Willow Park to the boundaries and legal description it had when first incorporated.

■ If the 107 lands were never disannexed, then the "islands" are no longer islands and the annexations of the "143" and "150" lands were proper. If, however, the "107" lands were merely *invalidly* disannexed, the declaration by this court that the 107 lands are restored to Willow Park is not effective until today. That would mean the annexations of the "143" and "150" lands were still only adjacent and contiguous to the floating L-shaped island at the time of their purported annexation. We need not decide this question, however, since we additionally rule that Ordinance 107 was invalid because it purported to create floating islands by disannexation.

■ The principle that municipalities may only annex land which is adjacent and contiguous to existing city boundaries is well established. *See City of Waco,* 523 S.W.2d at 652; *Pan American,* 303 S.W.2d at 781–82. It is additionally accepted as a general rule that the power to detach land is analagous to the power to annex. *Town of Greenwood Village v. Heckendorf,* 126

Colo. 180, 247 P.2d 678, 682 (1952); *Evans v. Stone*, 473 So.2d 495, 497 (Ala.1985). Texas case law forbids annexation which results in the creation of islands. *See generally, City of Pasadena*, 442 S.W.2d at 328. We believe the same rule should apply to the creation of islands by disannexation. This is in accordance with general principles of promoting efficient municipal administration. It is difficult for a city or town to provide adequate essential services such as police and fire protection, garbage collection, water and street repair when the municipality is divided into several separate parcels. *See generally,* 1 C. ANTIEAU, MUNICIPAL CORPORATION LAW, sec. 1B.04 (rev. 1988); *Swanson v. City of Fairfield, Clay County*, 155 Neb. 682, 53 N.W.2d 90, 93 (1952); *Town of Greenwood Village*, 247 P.2d at 681; *Ramey v. City of Blackfoot*, 99 Idaho 264, 580 P.2d 1289 (1978); *Indian Valley Golf Club, Inc. v. Village of Long Grove*, 135 Ill.App.3d 543, 89 Ill.Dec. 726, 481 N.E.2d 277 (2 Dist.1985, cert. denied).

In the case before us, floating islands were clearly created by Willow Park's Ordinance 107. The City now seeks to have this court declare such action valid. We decline to do so. As discussed earlier, the attempted annexation of lands not adjacent and contiguous to a municipality is void *ab initio. Missouri City*, 583 S.W.2d at 446. Similarly, we hold attempted disannexation which creates islands is void *ab initio.*

Having held 107 void, we next consider the effect of our holding. If 107 was void, the lands it attempted to detach from Willow Park were never detached and the islands were never created. Thus the lands annexed by Ordinances 143 and 150 are adjacent and contiguous to the boundaries of Willow Park and are therefore valid annexation statutes.

 This is where the trial court erred. The court correctly recognized that Ordinance 107 left floating islands, and correctly reasoned that such action by the Willow Park City Council was improper. But the response of the trial court was to effectively redraft Ordinance 107 to also disannex the islands. Neither the trial court nor this court has the power to redraft the ordinance.

 Altering the boundary of a municipality is a legislative, not a judicial function. *City of Pasadena v. Houston Endowment, Inc.*, 438 S.W.2d 152, 156 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). While courts may, at times, sever invalid portions of ordinances and leave in force the valid portions, they may not add to or redraft the ordinance, since that usurps the legislative branch. *State v. Police Court of Butte*, 65 Mont. 94, 210 P. 1059, 1061 (1922); *Adrian Mobile Home Park v. City of Adrian*, 94 Mich.App. 194, 288 N.W.2d 402, 404 (Ct.App.1979). A reading of Ordinance 107 reveals the islands were not disannexed by error or faulty description. Thus we have no choice but to strike all of Ordinance 107 and hold all the property it sought to disannex is still part of Willow Park. The City's fourth point of error is sustained.

In point of error eight, the City contends the trial court erred in failing to award expert and attorneys' fees on behalf of the City. The attorneys' fees issue was submitted to the trial court, rather than to the jury. TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.009 (Vernon 1986) provides that in declaratory judgments the trial court may award such reasonable and necessary attorneys' fees as are equitable and just. The grant or denial of attorneys' fees lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing the court abused that discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455–56 (Tex.1985). Additionally, attorneys' fees under the Act may be awarded to the non-prevailing party. *Tanglewood Homes Ass'n, Inc. v. Henke*, 728 S.W.2d 39, 45 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). In view of our prior rulings in this opinion, the trial court may wish to reconsider its assessment of attorneys' fees. Accordingly, we neither sustain nor overrule point of error eight, but we remand this issue to the trial court.

We decline to address the remainder of the City's points of error.

**512**

We affirm the trial court's holding that appellees have standing to bring this suit.

We reverse the trial court's holding that Ordinance 188–84 is void, because we find there is no evidence in the record regarding this ordinance. Inasmuch as the City on appeal did not raise a point of error asking us to hold Ordinance 188–84 valid, that issue is not before us; therefore, we render a take-nothing judgment against appellees on their cause of action concerning Ordinance 188–84.

We find appellees' cause of action challenging Ordinances 143 and 150 is barred by limitations. Accordingly, we reverse the trial court's holding that Ordinances 143 and 150 are null and void and we render judgment that Ordinances 143 and 150 were valid ordinances from the dates of their enactment. We further hold that Ordinance 107 is null and void.

We reverse the trial court's judgment ordering an injunction, and we hereby dissolve said injunction.

Lastly, we remand the cause to the trial court for a reconsideration of the attorneys' fees issue.