COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-173-CV
 
SHERRY GRAY                                                              APPELLANT 
AND
APPELLEE
V.

TOWN OF WESTLAKE AND TOWN                                   APPELLEES 
AND
OF WESTLAKE ZONING BOARD OF                                       APPELLANTS
ADJUSTMENT

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION 



------------

I. Introduction

        This 
is a summary judgment appeal. Appellant Sherry Gray (“Gray”) challenges the 
trial court’s partial summary judgment entered in Appellee Town of 
Westlake’s declaratory judgment action decreeing that her property at 2205 
North Pearson Lane (“the Property”) is located within the town limits of 
Westlake. Gray also challenges the trial court’s denial of her motion for 
partial summary judgment seeking a declaration that the Property has never 
been properly annexed into Westlake’s town limits. Gray claims the Property 
is, and always has been, located in the City of Roanoke. Because this court 
recently held in City of Roanoke v. Town of Westlake, 111 S.W.3d 617 
(Tex. App.—Fort Worth 2003, pet. filed), 

 that Westlake’s annexing Ordinance Numbers 237 and 253 are void, the primary 
issues we address in this appeal are whether Westlake’s Ordinance Numbers 270 
or 289 annexed the Property and whether severance of the declaratory judgment 
was proper. We will reverse and render.
II. Factual and 
Procedural Background
        Gray 
owns a dog boarding business that is located within a residential neighborhood 
in northeast Tarrant County. Gray’s neighbors, who are residents of Westlake, 
initially filed suit in the Town of Westlake Municipal Court to force Gray to 
reduce the level of noise coming from the Property. In response to the 
neighbors’ criminal complaints against her, Gray filed suit against the 
neighbors in Tarrant County district court alleging that her property is not 
located within the town limits of Westlake. Westlake intervened in Gray’s 
lawsuit, seeking a declaratory judgment that the Property was properly annexed 
into Westlake’s town limits and enforcement of two of Westlake’s noise 
ordinances.
        Both 
Gray and Westlake filed competing motions for partial summary judgment on the 
issue of whether Gray’s property was annexed into Westlake. Gray’s summary 
judgment evidence indicated that her mailing address is 2205 North Pearson Lane, 
Roanoke, Texas 76262, and that this address is used by the Town of Keller 
to send water utility bills, as well as by other utilities who send her bills. 
Gray claims that since she purchased the Property in 1986, her address has 
always been Roanoke and that none of her water, sewer, garbage 
collection, or other services is or has ever been provided by Westlake. 
Westlake, on the other hand, contends that it has provided a full range of 
municipal services to the Property. The parties also make conflicting 
allegations regarding whether Gray executed a residency affidavit when she voted 
in the 1997 Westlake election; the record does not contain the affidavit if it 
was executed. Additionally, Westlake alleges that it provided police service to 
the Property because it has a contract with Trophy Club’s police department; 
however, Gray submitted summary judgment evidence showing that she requested 
service from the Tarrant County Sheriff’s Department, and police officers from 
Trophy Club responded at the sheriff’s request. Moreover, Westlake’s 
evidence implies that Gray’s filing of zoning applications with Westlake is an 
admission that she is a resident of Westlake; Gray alleges that she was 
threatened by Westlake with a lawsuit if she did not file an application even 
though she contended that her Property was not in Westlake. Furthermore, 
Westlake relies on the fact that Gray collects a Westlake sales tax to allege 
that the Property is in its town limits, but Gray refutes this allegation by 
stating that Westlake provided the Comptroller’s Office with incomplete 
information that the office used to make its determination relating to her sales 
tax.
        The 
parties argue the application of four ordinances regarding the annexation of the 
Property. Ordinance Number 237, 

 which was approved in March 1995, erroneously included the Property in the 
description of Westlake’s boundaries. Ordinance Number 253, which was approved 
in May 1996, also erroneously included the Property in the description of 
Westlake’s boundaries. In March 1997, the Westlake Board of Aldermen voted to 
approve Ordinance Number 270 in order to correct the errors shown on the 1995 
and 1996 maps, and this corrective ordinance does not include the Property 
within the corporate limits of Westlake. In May 1997, the Board of Aldermen 
adopted Ordinance Number 289, reaffirming that the town boundary map adopted by 
Ordinance Number 253 is the official map of the town of Westlake and declaring 
null and void prior attempted disannexations.
        Based 
on this summary judgment evidence, the trial court denied Gray’s motion for 
partial summary judgment and granted Westlake’s motion for partial summary 
judgment. Gray filed a motion for severance, requesting that the declaratory 
judgment action be severed and that the summary judgment order be made final for 
purpose of appeal, and the trial court granted the severance. Thereafter, Gray 
initiated an appeal of the partial summary judgment rulings, and Westlake 
initiated an appeal on the issue of the trial court’s severance of the 
declaratory judgment from the remainder of the claims in the lawsuit.
III. Standard 
of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Summary judgment 
is proper when parties do not dispute the relevant facts. Havlen v. McDougall, 
22 S.W.3d 343, 345 (Tex. 2000).
        A 
defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense. KPMG 
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 
1999). To accomplish this, the defendant-movant must present summary judgment 
evidence that establishes each element of the affirmative defense as a matter of 
law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
        When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence and determine all questions presented. Dow Chem. Corp. v. 
Bright, 89 S.W.3d 602, 605 (Tex. 2002). The reviewing court should render 
the judgment that the trial court should have rendered. Id. 
When a trial court’s order granting summary judgment does not specify the 
ground or grounds relied on for its ruling, summary judgment will be affirmed on 
appeal if any of the theories advanced are meritorious. Star-Telegram, Inc. 
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Harwell v. State Farm Mut. Auto. 
Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).
IV. Standing 
and Statute of Limitations
        In 
its initial brief, Westlake contends that Gray lacked standing to collaterally 
attack its ordinances and that her challenges to the ordinances were not timely 
filed. In light of our subsequent holding in City of Roanoke, that 
Westlake’s Ordinance Numbers 237 and 253 are void, Westlake filed a 
post-submission brief shifting its focus in this appeal to Ordinance Number 289 
and asserting that ordinance properly annexed the Property. City of Roanoke, 
111 S.W.3d at 638. Although in City of Roanoke we rejected the same 
limitations arguments Westlake raises here, we nonetheless briefly address them 
to show that those holdings are equally applicable in this case.
        Westlake 
first argues that Gray did not have standing to bring a cause of action based on 
Ordinance Numbers 237 and 253 because annexation challenges must be brought as a 
quo warranto proceeding. A collateral attack to a void ordinance, 
however, may be brought at any time. City of Willow Park v. Bryant, 763 
S.W.2d 506, 508 (Tex. App.—Fort Worth 1988, no writ). Because Gray challenged 
the ordinances as being void, she had standing to bring a private cause of 
action against Westlake. See id.
        Westlake 
also contends that Gray did not file suit within the limitations periods 
specified in the Texas Local Government Code and the Texas Civil Practice and 
Remedies Code. Tex. Civ. Prac. & Rem. 
Code Ann. § 16.051 (Vernon 1997); 
Tex. Loc. Gov’t Code Ann. §§ 43.901, 51.003(a) (Vernon Supp. 2003). 
Section 43.901 of the Texas Local Government Code provides that consent to a 
municipal ordinance is presumed if an action to annul or review the ordinance is 
not initiated within two years of the date of the adoption of the ordinance. Tex. Loc. Gov’t Code Ann. § 43.901. 
Section 51.003 of the Texas Local Government Code provides that a governmental 
act of a municipality is conclusively presumed as of the date it occurred if a 
lawsuit to annul or invalidate the act is not brought within three years of its 
effective date. Tex. Loc. Gov’t Code 
Ann. § 51.003(a). Section 16.051 of the Texas Civil Practice and 
Remedies Code provides a four-year statute of limitations period for actions to 
annul an ordinance. Tex. Civ. Prac. & 
Rem. Code Ann. § 16.051.
        Here, 
Gray’s failure to timely file her complaint and alleged implied consent to the 
ordinances purportedly annexing the Property is irrelevant because the City of 
Roanoke timely brought suit successfully challenging the same 
ordinances—Ordinance Numbers 237 and 253—and successfully contesting the 
boundaries maps these ordinances approved. See City of Roanoke, 111 
S.W.3d at 638 (holding Ordinance Numbers 237 and 253 void). Moreover, this case 
is distinguishable from City of Murphy v. City of Parker, which held that 
a void ordinance could not be successfully challenged where consent was presumed 
due to the expiration of the statute of limitations, because in this case 
another party—City of Roanoke—timely challenged the validity of the 
ordinances. 932 S.W.2d 479, 482 (Tex. 1996). Therefore, Westlake’s limitations 
arguments fail in light of our holding in City of Roanoke.V. Void 
Ordinances Do Not Annex the Property
        Westlake’s 
Ordinance Numbers 237 and 253, which included the Property within Westlake’s 
town limits, are void. City of Roanoke, 111 S.W.3d at 638. Westlake 
argues that the trial court’s summary judgment was nonetheless proper because 
(1) Ordinance Number 289 has the effect of annexing back into the town all 
property that had previously been annexed through the adoption of the now void 
ordinances and (2) Gray did not challenge Ordinance Number 289 in the trial 
court. However, as noted above, Ordinance Number 289 adopts the boundaries map 
generated in connection with void Ordinance Number 253. Ordinance Number 289, 
readopting void Ordinance Number 253's map boundaries, is likewise void because 
it attempts to “annex” property within the City of Roanoke’s 
extraterritorial jurisdiction to which City of Roanoke did not consent. See 
City of Roanoke, 111 S.W.3d at 622 n.5, 633 n.15, 638 (holding Ordinance 
Numbers 237 and 253, which adopted the official map drawn in connection with 
void Ordinance Number 237, likewise void).
        The 
ordinances relied upon by Westlake as annexing the Property, including Ordinance 
Number 289, are void. Thus, the trial court erred by granting partial summary 
judgment in Westlake’s declaratory judgment action and by declaring that the 
Property was properly annexed into Westlake. Because the ordinances purportedly 
annexing the Property are void as a matter of law, the trial court erred by not 
granting her motion for partial summary judgment. 


        Westlake 
argues that Gray did not challenge Ordinance Number 289 in the trial court; 
therefore, she is not entitled to summary judgment. Westlake, however, did place 
Ordinance Number 289 at issue as an alternative ground for affirming the trial 
court’s summary judgment, and Gray at least mentioned Ordinance Number 289 in 
the trial court. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 
626 (Tex. 1996) (holding that appellate court may consider alternate grounds 
that the movant preserved for review). We have held that Ordinance Number 289 is 
void. Consequently, Gray’s consent or lack thereof is irrelevant because the 
municipality (City of Roanoke) did not agree to the annexation under Texas Local 
Government Code section 43.901, and Texas Local Government Code section 51.003 
does not apply to void actions. Tex. Loc. 
Gov’t Code Ann. §§ 43.901, 51.003. Accordingly, Ordinance Number 289 
does not entitle Westlake to summary judgment nor preclude summary judgment for 
Gray.
VI. Severance 
was 
Proper
        In 
a cross-point, Westlake argues that the trial court erred by severing the 
declaratory judgment actions from the suit involving Gray and her neighbors 
because the requirements for severance were not met. A trial court has broad 
discretion in deciding whether to sever. Guar. Fed. Sav. Bank v. Horseshoe 
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh’g). Severance 
is proper when (1) the controversy involves more than one cause of action, (2) 
the severed claim is one that would be the proper subject of a lawsuit if 
independently asserted, and (3) the severed claim is not so interwoven with the 
remaining action that it involves the same facts and issues. Id. We will 
reverse a trial court’s determination regarding severance only if we find an 
abuse of discretion. Id.
        In 
this case, Gray’s suit involves more than one cause of action (e.g., 
malicious prosecution, abuse of process, civil conspiracy, violation of an 
ordinance, and declaratory judgment); the claims against Westlake would be the 
proper subject of a suit if independently asserted; and the declaratory judgment 
actions are not so interwoven with the remaining actions that they involve the 
same facts and issues. We hold that the trial court did not abuse its discretion 
in severing the declaratory judgment actions. Cf. In re Koehn, 86 S.W.3d 
363, 369 (Tex. App.—Texarkana 2002, no pet.) (providing an example of when 
severance is mandatory). We overrule Westlake’s cross-point.
VII. Conclusion
        Having 
held that the trial court erred by granting Westlake’s motion for partial 
summary judgment and by denying Gray’s motion for partial summary judgment, we 
reverse the trial court’s partial summary judgment for Westlake and render 
partial summary judgment for Gray, declaring that Gray’s Property is not 
located within the town limits of Westlake.
 
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: October 16, 2003