Gray v. Town of Westlake

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-173-CV

SHERRY GRAY APPELLANT AND

APPELLEE

V.

TOWN OF WESTLAKE AND TOWN APPELLEES AND

OF WESTLAKE ZONING BOARD OF APPELLANTS

ADJUSTMENT

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is a summary judgment appeal.  Appellant Sherry Gray (“Gray”) challenges the trial court’s partial summary judgment entered in Appellee Town of Westlake’s declaratory judgment action decreeing that her property at 2205 North Pearson Lane (“the Property”) is located within the town limits of Westlake.  Gray also challenges the trial court’s denial of her motion for partial summary judgment seeking a declaration that the Property 
has never
 been properly annexed into Westlake’s town limits.  Gray claims the Property is, and always has been, located in the City of Roanoke.  Because this court recently held in 
City of Roanoke v. Town of Westlake
, 111 S.W.3d 617 (Tex. App.—Fort Worth 2003, pet. filed),
(footnote: 2) that Westlake’s annexing Ordinance Numbers 237 and 253 are void, the primary issues we address in this appeal are whether Westlake’s Ordinance Numbers 270 or 289 annexed the Property and whether severance of the declaratory judgment was proper.  We will reverse and render.

II.  Factual and Procedural Background

Gray owns a dog boarding business that is located within a residential neighborhood in northeast Tarrant County.  Gray’s neighbors, who are residents of Westlake, initially filed suit in the Town of Westlake Municipal Court to force Gray to reduce the level of noise coming from the Property.  In response to the neighbors’ criminal complaints against her, Gray filed suit against the neighbors in Tarrant County district court alleging that her property is not located within the town limits of Westlake.  Westlake intervened in Gray’s lawsuit, seeking a declaratory judgment that the Property was properly annexed into Westlake’s town limits and enforcement of two of Westlake’s noise ordinances.

Both Gray and Westlake filed competing motions for partial summary judgment on the issue of whether Gray’s property was annexed into Westlake. Gray’s summary judgment evidence indicated that her mailing address is 2205 North Pearson Lane, 
Roanoke
, Texas 76262, and that this address is used by the Town of Keller to send water utility bills, as well as by other utilities who send her bills.  Gray claims that since she purchased the Property in 1986, her address has always been 
Roanoke
 and that none of her water, sewer, garbage collection, or other services is or has ever been provided by Westlake. Westlake, on the other hand, contends that it has provided a full range of municipal services to the Property.  The parties also make conflicting allegations regarding whether Gray executed a residency affidavit when she voted in the 1997 Westlake election; the record does not contain the affidavit if it was executed.  Additionally, Westlake alleges that it provided police service to the Property because it has a contract with Trophy Club’s police department; however, Gray submitted summary judgment evidence showing that she requested service from the Tarrant County Sheriff’s Department, and police officers from Trophy Club responded at the sheriff’s request.  Moreover, Westlake’s evidence implies that Gray’s filing of zoning applications with Westlake is an admission that she is a resident of Westlake; Gray alleges that she was threatened by Westlake with a lawsuit if she did not file an application even though she contended that her Property was not in Westlake. Furthermore, Westlake relies on the fact that Gray collects a Westlake sales tax to allege that the Property is in its town limits, but Gray refutes this allegation by stating that Westlake provided the Comptroller’s Office with incomplete information that the office used to make its determination relating to her sales tax.

The parties argue the application of four ordinances regarding the annexation of the Property.  Ordinance Number 237,
(footnote: 3) which was approved in March 1995, erroneously included the Property in the description of Westlake’s boundaries.  Ordinance Number 253, which was approved in May 1996, also erroneously included the Property in the description of Westlake’s boundaries. In March 1997, the Westlake Board of Aldermen voted to approve Ordinance Number 270 in order to correct the errors shown on the 1995 and 1996 maps, and this corrective ordinance does not include the Property within the corporate limits of Westlake.  In May 1997, the Board of Aldermen adopted Ordinance Number 289, reaffirming that the town boundary map adopted by Ordinance Number 253 is the official map of the town of Westlake and declaring null and void prior attempted disannexations.

Based on this summary judgment evidence, the trial court denied Gray’s motion for partial summary judgment and granted Westlake’s motion for partial summary judgment.  Gray filed a motion for severance, requesting that the declaratory judgment action be severed and that the summary judgment order be made final for purpose of appeal, and the trial court granted the severance. Thereafter, Gray initiated an appeal of the partial summary judgment rulings, and Westlake initiated an appeal on the issue of the trial court’s severance of the declaratory judgment from the remainder of the claims in the lawsuit. 

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  Summary judgment is proper when parties do not dispute the relevant facts.  
Havlen v. McDougall
, 22 S.W.3d 343, 345 (Tex. 2000).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
Dow Chem. Corp. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.
  When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.  
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).

IV.  Standing and Statute of Limitations

In its initial brief, Westlake contends that Gray lacked standing to collaterally attack its ordinances and that her challenges to the ordinances were not timely filed.  In light of our subsequent holding in 
City of Roanoke
, that Westlake’s Ordinance Numbers 237 and 253 are void, Westlake filed a post-submission brief shifting its focus in this appeal to Ordinance Number 289 and asserting that ordinance properly annexed the Property.  
City of Roanoke
, 111 S.W.3d at 638.  Although in 
City of Roanoke
 we rejected the same limitations arguments Westlake raises here, we nonetheless briefly address them to show that those holdings are equally applicable in this case.

Westlake first argues that Gray did not have standing to bring a cause of action based on Ordinance Numbers 237 and 253 because annexation challenges must be brought as a 
quo warranto
 proceeding.  A collateral attack to a void ordinance, however, may be brought at any time.  
City of Willow Park v. Bryant
, 763 S.W.2d 506, 508 (Tex. App.—Fort Worth 1988, no writ). Because Gray challenged the ordinances as being void, she had standing to bring a private cause of action against Westlake.  
See id.

Westlake also contends that Gray did not file suit within the limitations periods specified in the Texas Local Government Code and the Texas Civil Practice and Remedies Code.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 16.051 (Vernon 1997)
; Tex. Loc. Gov’t Code Ann.
 §§ 43.901, 51.003(a) (Vernon Supp. 2003)
.  
Section 43.901 of the Texas Local Government Code provides that consent to a municipal ordinance is presumed if an action to annul or review the ordinance is not initiated within two years of the date of the adoption of the ordinance.  
Tex. Loc. Gov’t Code Ann.
 § 43.901.  Section 51.003 of the Texas Local Government Code provides that a governmental act of a municipality is conclusively presumed as of the date it occurred if a lawsuit to annul or invalidate the act is not brought within three years of its effective date. 
Tex. Loc. Gov’t Code Ann.
 § 51.003(a).  Section 16.051 of the Texas Civil Practice and Remedies Code provides a four-year statute of limitations period for actions to annul an ordinance.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 16.051.

Here, Gray’s failure to timely file her complaint and alleged implied consent to the ordinances purportedly annexing the Property is irrelevant because the City of Roanoke timely brought suit successfully challenging the same ordinances—Ordinance Numbers 237 and 253—and successfully contesting the boundaries maps these ordinances approved. 
 
See City of Roanoke
, 111 S.W.3d at 638 (holding Ordinance Numbers 237 and 253 void). Moreover, this case is distinguishable from
 
City of Murphy v. City of Parker
, which held that a void ordinance could not be successfully challenged where consent was presumed due to the expiration of the statute of limitations, because in this case another party—City of Roanoke—timely challenged the validity of the ordinances.  932 S.W.2d 479, 482 (Tex. 1996).  Therefore, Westlake’s limitations arguments fail in light of our holding in 
City of Roanoke
.

V.  Void Ordinances Do Not Annex the Property

Westlake’s Ordinance Numbers 237 and 253, which included the Property within Westlake’s town limits, are void.  
City of Roanoke
, 111 S.W.3d at 638.  Westlake argues that the trial court’s summary judgment was nonetheless proper because (1) Ordinance Number 289 has the effect of annexing back into the town all property that had previously been annexed through the adoption of the now void ordinances and (2) Gray did not challenge Ordinance Number 289 in the trial court.  However, as noted above, Ordinance Number 289 adopts the boundaries map generated in connection with void Ordinance Number 253.  Ordinance Number 289, readopting void Ordinance Number 253's map boundaries, is likewise void because it attempts to “annex” property within the City of Roanoke’s extraterritorial jurisdiction to which City of Roanoke did not consent.  
See City of Roanoke
, 111 S.W.3d at 622 n.5, 633 n.15, 638 (holding Ordinance Numbers 237 and 253, which adopted the official map drawn in connection with void Ordinance Number 237, likewise void).

The ordinances relied upon by Westlake as annexing the Property, including Ordinance Number 289, are void.  Thus, the trial court erred by granting partial summary judgment in Westlake’s declaratory judgment action and by declaring that the Property was properly annexed into Westlake. Because the ordinances purportedly annexing the Property are void as a matter of law, the trial court erred by not granting her motion for partial summary judgment.
(footnote: 4)
 Westlake argues that Gray did not challenge Ordinance Number 289 in the trial court; therefore, she is not entitled to summary judgment.  Westlake, however, did place Ordinance Number 289 at issue as an alternative ground for affirming the trial court’s summary judgment, and Gray at least mentioned Ordinance Number 289 in the trial court.  
See Cincinnati Life Ins. Co. v. Cates
, 927 S.W.2d 623, 626 (Tex. 1996) (holding that appellate court may consider alternate grounds that the movant preserved for review).  We have held that Ordinance Number 289 is void.  Consequently, Gray’s consent or lack thereof is irrelevant because the municipality (City of Roanoke) did not agree to the annexation under Texas Local Government Code section 43.901, and Texas Local Government Code section 51.003 does not apply to void actions. 
Tex. Loc. Gov’t Code Ann. §§ 43.901, 51.003.
  Accordingly, Ordinance Number 289 does not entitle Westlake to summary judgment nor preclude summary judgment for Gray.

VI.  Severance
 
was Proper

In a cross-point, Westlake argues that the trial court erred by severing the declaratory judgment actions from the suit involving Gray and her neighbors because the requirements for severance were not met.  A trial court has broad discretion in deciding whether to sever.  
Guar. Fed. Sav. Bank v. Horseshoe Operating Co.
, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh’g). 
 Severance is proper when (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues.  
Id.  
We will reverse a trial court’s determination regarding severance only if we find an abuse of discretion.  
Id.

In this case, Gray’s suit involves more than one cause of action (
e.g.
, malicious prosecution, abuse of process, civil conspiracy, violation of an ordinance, and declaratory judgment); the claims against Westlake would be the proper subject of a suit if independently asserted; and the declaratory judgment actions are not so interwoven with the remaining actions that they involve the same facts and issues.  We hold that the trial court did not abuse its discretion in severing the declaratory judgment actions
.  
Cf. In re Koehn
, 86 S.W.3d 363, 369 (Tex. App.—Texarkana 2002, no pet.) (providing an example of when severance is mandatory).  We overrule Westlake’s cross-point.

VII.  Conclusion

Having held that the trial court erred by granting Westlake’s motion for partial summary judgment and by denying Gray’s motion for partial summary judgment, we reverse the trial court’s partial summary judgment for Westlake and render partial summary judgment for Gray, declaring that Gray’s Property is not located within the town limits of Westlake.  

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: October 16, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
City of Roanoke
 was decided by this court after briefs were submitted in this appeal; therefore, the parties did not have the benefit of this precedent at the time they filed their initial briefs.

3:
Ordinance Numbers 237 and 253 adopted the boundaries map; however, Ordinance Number 236 was the actual annexation ordinance.  
See City of Roanoke
, 111 S.W.3d at 622 n.5.

4:
Having determined that Gray’s motion for partial summary judgment should have been granted because the ordinances purportedly annexing the Property are void, we will not address Gray’s arguments regarding Ordinance Number 270.  
See
 
Tex. R. App. P.
 47.1 (stating that an appellate opinion need only address every issue raised and necessary to final disposition of the appeal).